<hr />

No. 10,427.

THE STATE *v.* NICHOLS.

CRIMINAL LAW.—*Prostitution.—Statute Construed.*—Section 2003, R. S. 1881, makes it an offence for a female to live in a *house* of ill-fame—the plural "houses" therein importing also the singular—and hence an indictment charging such living in a house of ill-fame is in that respect good.

From the Criminal Court of Allen County.

*W. S. O'Rourke,* for the State.

NIBLACK, J.—This was a prosecution under section 2003 of the Revised Statutes of 1881.

The body of the indictment was as follows:

"The grand jurors for the county of Allen and State of Indiana, upon their oath, charge and present that, on the first day of July, A. D. 1882, Martha Nichols, a female of said county of Allen and State aforesaid, did unlawfully live in a house of ill-fame, and on divers other days and times before the first day of July, A. D. 1882, said Martha Nichols, a

female, did unlawfully live in said house of ill-fame aforesaid, said house aforesaid being then and there situate on lot number fourteen, S. C. Evans' addition to the city of Fort Wayne, in said county and State."

On a motion to quash, the indictment was held to be insufficient, and the defendant was discharged.

So much of section 2003, *supra,* as is material to this prosecution, is as follows :

"Any female who frequents or lives in houses of ill-fame * * * * shall be deemed a prostitute, and, upon conviction thereof, shall be fined not more than fifty dollars nor less than five dollars," to which imprisonment in the county jail may be added.

The prosecuting attorney informs us that the court quashed the indictment in this case, because the charge that the appellee had lived in a single and particular house of ill-fame, did not render her amenable to the provisions of the statute, set out as above, making it a misdemeanor to live in *houses* of ill-fame, upon the theory that in such a case the plural does not either import or include the singular number, in the description of the offence.

Bishop on Statutory Crimes, at section 213, says : "The singular number, likewise, may be comprehended in the plural : as, where a statute makes it felony to purloin from a post-office 'bank-notes,' it is within the prohibition to steal a single note ; or, to commit larceny of 'bills obligatory,' a person who takes a single bill obligatory breaks the provision ; and, if it is made an offence ' to keep open tippling-*houses,* on the Sabbath day,' the offence is committed by keeping open one tippling-house."

The rule of construction thus laid down by Bishop seems to be well supported by some carefully considered cases, and is one which, we think, ought to be followed in the case at bar, as being in accordance with the obvious intention of the Legislature. *Hall* v. *State,* 3 Kelly, Ga. 18 ; *Commonwealth* v. *Messinger,* 1 Binn. 273 (2 Am. Dec. 441).

We are, consequently, of the opinion that the motion to quash the indictment ought to have been overruled.

The judgment is reversed with costs, and the cause remanded for further proceedings.