Jessup *v.* The State.

No. 1,463.

## JESSUP *v.* THE STATE.

CRIMINAL LAW.—*Associating with a Prostitute.*—*Sufficiency of Indictment.*—*Statute Construed.*—*Plural Includes Singular.*— The offense denounced by section 2089, R. S. 1894, of associating with females known or reputed as prostitutes, may be committed by associating with one female so known as reputed.

From the Gibson Circuit Court.

*W. W. Medcalf* and *Buskirk & Brady,* for appellant.

*W. A. Ketcham,* Attorney-General, *W. E. Cox* and *F. E. Matson,* for State.

Ross, J.—The appellant was indicted, tried and convicted under section 356, Elliott Supp., 1889 (section 2089, Burns R. S. 1894), which reads as follows: "Whoever, being a male person, frequents or visits a house or houses of ill-fame, or of assignation, or associates with females known or reputed as prostitutes or frequents or visits a gambling house or houses, or is engaged in or about a house of prostitution, shall be fined in any sum not more than $100.00 nor less than $10.00, to which may be added imprisonment in the county jail not more than sixty days nor less than ten days."

The first and second specifications of error assigned question the sufficiency of the indictment.

This statute defines a number of offenses, namely: (1) for frequenting or visiting houses of ill-fame or of assignation; (2) for associating with females known or reputed as prostitutes; (3) for frequenting or visiting

gambling houses; (4) for being engaged in or about a house of prostitution.

The indictment under which appellant was convicted was intended to charge the offense included in the second specification, namely, for associating "with females known or reputed as prostitutes." The objection to its sufficiency is that it only charges appellant with associating "with one Flora Wagner, a female who was then and there known and reputed as a prostitute," while the only offense defined by the statute is for associating "with females known or reputed as prostitutes;" that it is no offense to associate with one prostitute, but that in order to create the offense defined the association must be with more than one prostitute. In other words, that the statute creates and defines the offense for associating with *females* who are known or reputed as prostitutes, and that the use of the plural does not import the singular.

In support of this contention our attention is called to the fact that the section of the statute under which appellant was prosecuted is amendatory of section 2002, R. S. 1881, which provided that: "Whoever, being a male person, frequents houses of ill-fame or of assignation," etc., and that the Legislature deeming the first clause of that statute insufficient as defining an offense for frequenting a single house so amended it as to make it an offense to frequent "a house or houses of ill-fame." From this, counsel contend that the Legislature did not intend to create an offense for associating with one female known or reputed as a prostitute, but plainly intended to define no offense except the association was with more than one. We cannot concur in this contention.

In construing section 2003, R. S. 1881 (section 2090, Burns R. S. 1894), which defines it as an offense for

any female to frequent or live "in houses of ill-fame," the supreme court has held that a female who frequented or lived in a *house* of ill-fame was amenable under the provisions of that statute.    *State* v. *Nichols*, 83 Ind. 228.

In the decision of that case the court made the following quotation from Bishop on Stat. Crimes, section 213, viz: "The singular number, likewise, may be comprehended in the plural: as, where a statute makes it a felony to purloin from a postoffice 'bank notes,' it is within the prohibition to steal a single note; or, to commit larceny of 'bills obligatory,' a person who takes a single bill obligatory breaks the provision; and, if it is made an offense 'to keep open tippling *houses*, on the Sabbath day,' the offense is committed by keeping open one tippling house." Adding: "The rule of construction thus laid down by Bishop seems to be well supported by some carefully considered cases, and is one which, we think, ought to be followed in the case at bar, as being in accordance with the obvious intention of the Legislature. *Hall* v. *State*, 3 Kelly (Ga.) 18; *Commonwealth* v. *Messinger*, 1 Binn. 273 (2 Am. Dec. 441)." The affidavit is sufficient.

The evidence upon which the appellant was convicted is not very clear or satisfactory and while the appellant's own testimony was that he was unacquainted with and did not know that Flora Wagner, with whom he was charged with associating and who it was charged was known as a prostitute, was a prostitute or known as such, yet in the opinion of a majority of the court, the fact that appellant, who was a widower and living alone, employed Miss Wagner as a domestic to do his general housework, and that for more than a year they lived in the house most of the time alone, is sufficient in connection with the other circumstances

disclosed, upon which to say there was some evidence to sustain the finding of the court below, and that the judgment will have to be affirmed.

Judgment affirmed.

Filed January 29, 1896.