SAULSBURY, RESPESS & COMPANY, plaintiffs in error, *vs* JOHN D. McKELLAR, defendant in error.

To entitle a landlord to assert his special lien on a crop, he must prove to the satisfaction of the jury that the crop or fund from it, which he seeks to subject, was raised on his land. The mere fact that land was rented by him to certain parties, and that these parties, or one of them, consigned cotton to certain factors, and that cotton was one of the crops made on the landlord's farm, does not cast upon the defendants, who are third persons in possession of the cotton or its proceeds, the *onus* of proving that the cotton was not made on the landlord's land, but on some other land.

Landlord and tenant. Liens. Before Judge HILL. Bibb Superior Court. October Term, 1874.

Reported in the opinion.

E. F. BEST, for plaintiffs in in error.

HILL & HARRIS, for defendant.

JACKSON, Judge.

McKellar rented a plantation to Peter M. and Wiley N. Curry, and took their note for rent. Some cotton was consigned by Peter M. Curry to Saulsbury, Respess & Company,

who sold it and applied the proceeds thereof to the payment of his indebtedness to them. An effort was made by McKellar to levy a distress warrant upon the cotton, but it was sold, and proceeds applied to the payment of a debt to Saulsbury, Respess & Company before any levy could be made. McKellar had notified one of the Saulsburys of his lien on cotton raised on his farm. There was very slight evidence, if any at all, of *the cotton* having been raised on the farm which McKellar rented to the Currys. The court charged to the effect that if the jury believed that land was rented to the Currys by McKellar, and cotton raised on that land, that then they *might infer* that this cotton at Saulsbury, Respess & Company's warehouse, stored as the property of Peter M. Curry, and sold by them, was the cotton raised on McKellar's farm, and that it devolved on the defendants to show it was raised elsewhere·

We think this charge was error. The burden of proof is on the landlord to make good his special lien on this cotton· To do that, *he* must show that it was raised on *his* land; and if he fail to do that to the satisfaction of the jury, he has no foundation for the action and must fail. We are aware of no principle of law which shifts the burden of making out his case from off his own shoulders and lays the weight thereof upon those of his adversaries, who, to say the least, are in the possession of the proceeds of the cotton lawfully and claim it as matter of right.

The section of our Code, 3759, quoted and relied upon by counsel for defendant in error, was not designed to cover a case of this sort, and to authorize such *a charge* of the court; and if it was so designed, we think the facts here do not make a case where the court should have changed the *onus* ; and that the charge, especially that the jury might draw the inference that *the cotton* held by defendants was raised on the land of plaintiff, because *some* cotton was raised there, was error. The conclusion is a complete *non sequitur* to the premise, as it presents itself to our view, and we reverse the judgment on the ground that the court erred in so charging the jury.

Judgment reversed.