TWIGGS *vs.* HARDWICK.

1. Where a constable was specially deputized by the sheriff, and sworn in, for the purpose of serving a particular writ, he became a *de facto* deputy sheriff, and service by him was legal.
2. Where personal service has been effected, objections to the authority of the serving officer, after judgment, are not favored.

Officers. Service. Practice in the Superior Court. Before Judge UNDERWOOD. Richmond Superior Court. April Adjourned Term, 1878.

Reported in the decision.

H. D. D. TWIGGS, for plaintiff in error, cited Code, §3339 290, 470; acts 1874, p. 78; 4 *Ga.*, 512; 20 *Ib.*, 748; 44 *Ib.*, 457; 5 *1 b.*, 244.

C. H. COHEN; M. P. FOSTER, for defendant, cited acts 1874, p. 79; 1 Bouv. L. Dic. "Deputy;" 3 *Kelly*, 1; Code, §§145, 147, 163, 155, 290; 2 Spears, 138; 1 Bouv. L. Dic., "Facts"; 20 *Ga.*, 746; 9 *Ib.*, 314; 44 *Ib.*, 454; Strobh., 96; 9 Johnson, 133; 7 *I b.*, 549; 3 *Ib.*, 431; 12 *Ib.*, 296; 9 Cow., 26, 182; 7 *Ib.*, 402; 7 *Ga.*, 418.

WARNER, Chief Justice.

On the 2d day of April, 1877, Charles C. Hardwick obtained a judgment in the county court of Richmond county, against the firm of Chaffee & Twiggs, partners engaged in planting in Richmond county.

On the 21st of March, 1878, one of said firm, John D. Twiggs, by his attorney at law, after giving due and legal notice of the same in writing, filed his motion in the said

county court to set aside said judgment, on various grounds.

The ground chiefly relied on, was that the person who served the writ, upon which said judgment was predicated, upon said Twiggs, was neither the sheriff, nor one of his deputies, but only a county constable, and therefore had no legal power to serve said writ, or any process of the superior court. That said service by said constable was no service in law, and that the same was void. That movant not having had his day in court, the judgment rendered against him was invalid, and should be set aside.

On the 3d day of April, 1878, the said motion was heard before the said county court, and the same was refused, and movant entered an appeal to the superior court of Richmond county, and at the April adjourned term, 1878, of said court said cause came on to be heard.

After the jury was impanneled to try the issue, counsel for movant announced to the court that he would strike all the grounds in said motion except the one above set forth, which was permitted by the court, and the cause proceeded upon that sole ground.

The evidence disclosed that there had been personal service of a copy writ in the case of *Hardwick vs. Chaffee & Twiggs*, upon movant, John D. Twiggs, by one R. W. Bugg, a county constable; that said constable signed the entry as deputy sheriff; that he was a county constable only of Richmond county at the time of said service; that he did not then, nor did he ever, hold the office of sheriff, or deputy sheriff, of Richmond county.

It was also shown that there was no appearance and pleading by either Chaffee or Twiggs, and that the said judgment in favor of Hardwick against said firm, was rendered by default.

It further appeared, by the testimony of the sheriff of Richmond county, Chas. H. Sibley, that he handed the writ to said Bugg, and requested him to serve the same. That he required no bond from him, and was unable to say positively whether he swore him to perform this special duty,

but his best recollection is that he was sworn in as deputy to perform that special duty.

Movant here closed, and defendant offered R. W. Bugg as a witness, who testified as follows:

"I was county constable of Richmond county at the time I served the writ in this case, and am still county constable; I served movant personally with a copy of the writ; am certain that I never before served any writ, except the one in question, and have never done so since; I was deputized to serve this paper only, and was sworn in to perform that duty."

Defendant here closed, and after argument the court charged the jury that if they believed that Bugg actually served the movant, John D. Twiggs, personally, with a copy of the writ upon which the judgment was founded, he (Bugg) was a *de facto* officer, the service was legal, and the judgment binding. To which charge movant excepted.

The court further charged the jury, that if they believed that Bugg signed himself "deputy sheriff," but was only specially deputized by the sheriff to serve said writ, and did serve movant personally, and movant did not come into court, and set up as a defense that he was not legally served, it was too late to take advantage of the alleged want of proper service; and as the person serving said paper was a *de facto* officer, the judgment was valid, and you will so find by your verdict. To which charge movant excepted.

The jury then retired, and rendered the following verdict: "We, the jury, find the judgment in this case valid and binding." Movant therefore filed his bill of exceptions to the said charges and rulings of the court, and assigned the same as error.

1. The question made in this case is, whether the judgment should be set aside now as being *void* for want of service upon the defendant therein, on the statement of facts contained in the record and bill of exceptions? It is true that constables cannot be sheriffs, nor sheriffs' deputies, so as to constitute them such officers *de jure*. Code, §470. But in

this case, Bugg, although he was a constable, in making the service upon the defendant acted in the capacity of a deputy sheriff, and under color of office as such deputy sheriff, having been deputized by sheriff Sibley, and sworn in to perform the special duty of serving the defendant with process in the suit in which the judgment was rendered. According to the ruling of this court in *Hinton vs. Lindsay*, 20 *Ga.*, 746, and in *Blount vs. Wells*, 55 *Ga.*, 282, the service on the defendant should be held good as having been made by a *de facto* officer.

2. Besides, the defendant was personally served with process by one who was acting as deputy sheriff in making that service, but failed to appear at court and make any objection to the service, and laid by until after judgment was rendered against him, and now seeks to set that judgment aside on the ground that he was not served with process. The courts do not and should not favor such tardy applications. See *Dobbins vs. Jenkins*, 51 *Ga.*, 203.

Let the judgment of the court below be affirmed.