## PEARCE & RENFROE *vs.* RENFROE BROTHERS.

1. That the magistrate did not file the papers in an appeal case in the office of the clerk of the superior court ten days before the term to which they were returnable, is no ground to dismiss the appeal.
2. Nor is it a ground of dismissal that the justice did not send up the judgment rendered by him.
3. Nor that the magistrate made no proper certificate that the appellant had, within the proper time, paid the costs and given bond. When an appellant has done his duty, the mistake of the magistrate may be corrected.
4. The absence of an itemized bill of costs from the justice court in an appeal case may affect the recovery of such costs, but is no ground for dismissing the appeal.
5. Attachments returnable to a justice court should be directed to the constables, and levied by one of them. A levy by the sheriff is bad.
(*a.*) The interposition of a claim commits the claimant to the fact of the making of a levy, but not to the legality of the process under which it is made.

Appeals. Practice in Superior Court. Justice Courts. Executions. Levy and Sale. Claims. Before Judge WILLIS. Muscogee Superior Court. May Term, 1881.

Reported in the decision.

CHAS. R. RUSSELL; L. E. BLECKLEY, for plaintiffs in error.

McNEIL & LEVY, for defendants.

CRAWFORD, Justice.

This case was appealed from the justice's to the superior court, and contains five assignments of error.

1. The first is, that it was not returned ten days before the beginning of the term, and, for that reason, that it should have been dismissed. That this is no good ground for dismissal was ruled in 59 *Ga.*, 103; *Ib.*, 578.

2. The magistrate having failed to send up the judgment rendered by him with the file of papers, it was for that reason moved that the case be dismissed. This was likewise refused. There was no error in this ruling. An appeal to the superior court is a *de novo* investigation It is, therefore, the action that is examined, and not the judgment. Code, §3627; 60 *Ga.*, 221.

3. The third assignment of error was, that there was no proper certificate by the magistrate that the appellant had, in the proper time, paid the costs and given bond, as required by law. Had there been any defect in transmitting the appeal up to the superior court, the same could have been corrected, provided the party appealing had done all which the law required of him. It was not, therefore, any good ground upon which to have dismissed the appeal. 11 *Ga.*, 39; 31 *Ib.*, 358; 63 *Ib.*, 496.

4. There being no itemized bill of costs sent up by the magistrate, it was, for that omission, moved to dismiss the appeal, which motion was overruled, and this is assigned as error. The only effect of this failure, unless cured before final judgment in the superior court, would be to cause the loss of the costs to the appellant, if he obtained a verdict in his favor in the superior court. This ruling was not error.

5. This suit was by attachment for less than $100.00, and made returnable to a justice's court; it was directed to all and singular the sheriffs and constables of the state,

and levied by the sheriff, for which reason a motion was made by the claimant to dismiss the levy. This motion was sustained, the levy dismissed, and the ruling assigned as error.

Attachments returnable to a justice court should be directed to the constables only, and levied by the officer to whom directed. Code, §§3273, 3284.

Misdirection in attachment is amendable, and if levied by the proper officer, the proceeding is not void. 63 *Ga.*, 227, 428.

Process returnable to a justice's court must be served by a constable. Code, §4142. Constables cannot be sheriffs, nor can sheriffs be constables. Code, §470.

"A levy by an officer who has no authority is the same as no levy. Under section 888 of the Code, the sheriff had no authority to levy a tax execution when the principal amount did not exceed fifty dollars." 60 *Ga.*, 466.

It is, however, contended by counsel for plaintiff in error, that a claimant is estopped from denying the levy, because he must admit that there was one, before he has any of the rights of a claimant. We think this correct, and means only that after he has sworn that the property seized, if personal, was his property, and the bonds given under the claim laws being an admission upon his part that the property claimed was so seized, that then it would be absurd to allow him to come into court and deny his oath and the obligation of his contracts. But the seizure, or levy, is one thing, and the mandate of the court by which the act is done is altogether another and quite a different thing. And so, also, is the authority by which the officer, as such, makes the seizure. But this view of the case was considered wholly immaterial by the very learned counsel who argued it, and it was most earnestly maintained that the claimant could not deny that the levy was a legal levy, although it might have been made by himself or any other wholly unauthorized person. We cannot so hold. Nor do we think

that this view is at all inconsistent with the cases in 54 *Ga.*, 297, and 59 *Ib.*, 849. The question in the first case was, whether the levy was complete, the possession being the point of the levy. Of course it did not lie in the mouth of the claimant to deny that which he had sworn was true, and, to relieve the property of the levy or seizure, had entered into bonds for its forthcoming, and damages for any unlawful delay in stopping the sale.

In the second case the question was, whether the levy had been made on the property of the defendant in *fi. fa.*, the sheriff not having stated in his entry thereof, "as the property of the defendant in *fi. fa.*" The claimant, however, having sworn that the property levied upon as defendant's was not his, but that of himself, the claimant, he was estopped from denying the truth of his oath. We cannot see any analogy between the cases.

Judgment affirmed.