## OLIVER *v.* WARREN *et al.*

In a suit on a forthcoming bond given by a claimant, where its execution is not denied, the main issue to be decided is whether or not there has been a breach of the bond. Neither the legality of the levy nor the authority of the officer to make it is an issuable fact, these issues being concluded by the judgment in the claim case.

Submitted December 1,—Decided December 22, 1905.

Action on bond. Before Judge Proffitt. City court of Elberton. February 22, 1905.

A fi. fa. in favor of A. S. Oliver and against D. H. Warren, issued from the justice's court for the 202d district, G. M., Elbert county, was placed in the hands of W. H. Irwin Jr., bailiff of the county court, for the purpose of levy. He proceeded to make a levy on certain cotton as the property of the defendant in fi. fa., who, as the head of a family consisting of himself and four minor children, interposed a claim on the ground that the cotton was exempt from levy and sale, being the proceeds of a homestead taken out for the benefit of his family. In order to retain possession of the property, he also executed and delivered to the levying officer a forthcoming bond, which A. P. Deadwyler signed as security. The claim case resulted adversely to the claimant. Suit was afterwards brought by Oliver, in the city court of Elberton, upon the forthcoming bond against Warren, as principal, and Deadwyler, as security. The defendants filed a joint answer in which they set up various defenses, and in which they denied that "any lawful levy was ever made on the property described in the plaintiff's petition, under and by virtue of the fi. fa." against Warren. It appeared on the trial that Irwin, the levying officer, had never been sworn in as a constable, and did not act as such in making the levy, but as bailiff of the county court. At the close of the plaintiff's testimony, which disclosed the circumstances under which the forthcoming bond was given and the result of the claim case, the presiding judge directed a verdict in favor of the defendants, holding that Irwin, "being bailiff of the county court of Elbert county and levying as such officer, had no

authority to levy a justice court fi. fa." To this ruling and judg-
ment the plaintiff excepts. He complains that the court erred in·
directing a verdict against him, (1) because the levy was a valid one,
made by an officer having authority to make it; (2) because the de-
fendants had recognized the officer's authority and the validity of
the levy by prosecuting the claim case, and the bond sued on was
at least good as a voluntary bond, and they were bound thereby,
even if his acts, were to be regarded as those of a de facto officer,
and his authority to make the levy could have been questioned by
filing an affidavit of illegality; and (3) because Warren, when he
filed his claim and gave the forthcoming bond, admitted the validity
and completeness of the levy, as well as the authority of the officer
to make it; and the defendants, having given the bond, were
estopped from denying his authority·or the validity of the levy.

*Z. B. Rogers,* for plaintiff.    *Van Duzer & Tutt,* for defendants.

EVANS, J. (After stating the facts.) In the various code sec-
tions regulating the practice in a justice's court, there is no specific
form of direction of an execution to any particular officer. Mesne
process is directed to and served by constables. Civil Code, §4116.·
Final process may be executed by any officer empowered to serve
mesne process, unless there is a statutory inhibition. Hence con-
stables may levy executions from a justice's court; and, by the
Civil Code, §4381, sheriffs are also empowered to serve and execute
both mesne and final process issued from justices' courts. The
regular bailiff of a county court is authorized to levy only the proc-
esses of the county court. Civil Code, §4190. He has no author-
ity to levy an execution issued from a justice's court. A levy by a
county-court bailiff of a justice-court execution is void, because a
levy by an officer without authority of law is no levy at all. *Morris*
v. *Tinker,* 60 *Ga.* 466; *Collins* v. *Hudson,* 69 *Ga.* 684. It is not
good as a levy by a de facto officer, because the county-court bailiff,
in making the levy, does not assume to act as constable or as sheriff
or lawful deputy. If he ·did, and his appointment or qualification
were irregular, nevertheless his acts would be those of a de facto
officer. *Twiggs* v. *Hardwick,* 61 *Ga.* 272; *Hinton* v. *Lindsay,* 20·
*Ga.* 746 (3-4) ; *Gunn* v. *Tackett,* 67 *Ga.* 725. But where he under-
takes to extend the jurisdiction of his office to the execution of
process which under the law he has not the power to execute, quoad

hoc he is a usurper of the functions of another office, and is not a de facto officer.

However, it is insisted that the defendants are estopped from denying the legality of the levy, because Warren, the principal on the bond upon which the suit was predicated, obtained possession of the property and in the bond recited the factum of the levy. It is certainly true that the filing of a claim and the giving of a forthcoming bond estops a claimant and the surety on his bond from denying the completeness and sufficiency of the seizure of the property made by the levying officer. *Cohen* v. *Broughton*, 54 *Ga.* 296; *Scolly* v. *Butler*, 59 *Ga.* 850; *Connolly* v. *Atlantic Contracting Co.*, 120 *Ga.* 216. The estoppel does not extend to the validity of the process (*Smith* v. *Lockett*, 73 *Ga.* 105; *Osborne* v. *Rice*, 107 *Ga.* 283), nor to the authority of the officer to make the levy. *Pearce* v. *Renfroe*, 68 *Ga.* 194. In the present case the defendants, by signing the bond, estopped themselves from denying that the county-court bailiff made an actual seizure of the property by virtue of the process in his hands. Ibid. 196. But on the trial of the claim case they would not have been precluded from showing that such seizure by the county-court bailiff was void, because, as to the act of levy, the bailiff was not an officer, either de jure or de facto, but a mere usurper of the functions of other officers designated by law to execute this particular process. However, in a suit on a forthcoming bond, where its execution is not denied, the only issue to be decided is whether or not there has been a breach of the bond. *O'Neill Mfg. Co.* v. *Harris*, 120 *Ga.* 469. Neither the legality of the levy nor the authority of the officer to make it is an issuable fact. As was said by Bleckley, C. J., in *Anderson* v. *Banks*, 92 *Ga.* 122: "It is not allowable for a claimant to defeat a sale by interposing a claim and then appropriate the property to his own use or suffer it to be appropriated by his surety on the claim bond, and then contest, not in the claim case—the very case appointed by law for the purpose—but in a suit on the bond, the right of the plaintiff in execution to sell the property." While a regular county-court bailiff is limited to serving processes issued from the county court (Civil Code, §4190), and is without authority to levy a justice-court execution, yet if he does in fact undertake to do so, and a claimant and his surety procure possession of the property seized by giving a forthcoming bond, they can not defeat a recovery

thereon by setting up the defense that the county-court bailiff was not such an officer as could lawfully make the levy. The time for them to raise this point is when the claim case comes on for trial. Had the defendants in the present case urged this objection at the proper time, it is not improbable that, upon the authority of *Pearce* v. *Renfroe,* 68 *Ga.* 194, the levy would have been dismissed. The claimant litigated the question of title in the claim case. It was the levy which brought the claimant into court. If he was improperly brought there by means of a void levy, he should then and there have protested. After an adverse judgment in the claim case —an adjudication that, as between the defendant in fi. fa. and himself, he had no title to the property—he was no longer concerned about the authority of the levying officer to make the levy, and. nothing remained for him to do except to comply with the obligation of his bond. Upon his failure so to do, he and his surety became liable thereon.

The sole question raised in the present bill of exceptions is whether or not the trial judge properly directed a verdict in favor of the defendants upon the ground that the levying officer, being a bailiff of the county court and acting in that capacity, was without authority to levy a fi. fa. issuing from a justice's court. As will have been seen, the defendants were precluded from raising any such objection in a suit upon the bond, and the direction of a verdict in their favor was erroneous. It may not be improper to add that even had the trial judge been correct in his ruling, he should not have directed a verdict in favor of the defendants; for, as pointed out in *Barnes* v. *Carter,* 120 *Ga.* 895, if a plaintiff fails to make out a prima facie case, a verdict for the opposite side should not be directed, but a judgment of nonsuit should be entered.

·*Judgment reversed. All the Justices concur.*