388.   SMITH *et al.* v. DAVIS, deputy sheriff.

1. The maker and sureties on a forthcoming bond are estopped to deny the fact of levy. or to assert that for any reason either the levy or the forthcoming bond, by virtue which the property levied upon is released, is invalid.
2. Upon the acceptance of a forthcoming bond and the release of the property which has been levied upon, to the defendant in fi. fa., he becomes the agent of the levying officer.
3. The decision in *McCalla* v. *Verdell,* 122 *Ga.* 801 (50 S. E. 943), has no application to the facts in the present case, in view of the difference between the provisions of the act creating the city court of Elberton (Acts 1896, p. 287) and those in the act creating the city court of Wrightsville (Acts 1899, p. 429) with reference to the bond required. The sheriff of Johnson county is ex-officio sheriff of the city court of Wrightsville. The sheriff of Elbert county does not become sheriff of the city court of Elberton unless he gives a bond.

Action on bond, from city court of Wrightsville—Judge Faircloth. February 14, 1907.

Submitted June 20, 1907.—Decided January 27, 1908.

*E. L. Stephens,* for plaintiffs in error. *J. L. Kent,* contra.

RUSSELL, J. The plaintiffs in error gave a forthcoming bond for a mule, which, in the bond it is averred, had been levied upon by the defendant in error as deputy sheriff of Johnson county. The bond, as is usual in forthcoming bonds, contained only one condition—to deliver the said above-described *property levied* on at the time of the sale. In other words, if the property which is ad-

mitted to be rightfully in the hands of the sheriff is produced, the bond is void and no longer of any binding force; but if the property named in the bond is not produced, the bond is valid and is to be given full effect. This case was heard by his honor Judge Faircloth, without a jury; and exception is taken to the judgment rendered by him in behalf of the plaintiff in the court below. It appears from the record, that the defendant in error, J. L. Davis, was deputy sheriff of Johnson county and under bond as such, and as such levied a fi. fa. on the mule in question, as the property of E. K. Smith, defendant in fi. fa., the mule being at the time in the possession of the defendant in fi. fa. and being pointed out for the levy by E. K. Smith himself. The entry and the bond are both dated September 3, 1906. So that it is apparent that the defendant recovered possession of his mule immediately, and that his only right to possession was acquired and is wholly dependent upon the forthcoming bond, which was signed by himself as principal and by Burns as surety. On the day of the sale the mule was not forthcoming, and Davis instituted the action now under consideration; to recover on the forthcoming bond, on the faith of which he had parted with the possession of the mule and thereby had rendered himself liable to the plaintiff in fi. fa.

The petition is the only part of the record specified as material. The petition is quite defective, but it was not demurred to (or, if a demurrer was filed and overruled, no point is made on the ruling). Evidently no plea was filed; for the judgment of the trial judge recites that "no issuable defense being filed in the within-stated case," judgment is rendered, etc.

Neither the maker nor the surety on the bond offered any evidence. They come to this court, assigning error on the judgment rendered against them, and excepting to the ruling of the court in refusing to sustain their objections to the introduction of the fi. fa. and the entry of levy thereon; and complaining of the introduction of the forthcoming bond in evidence. We quote from the bill of exceptions: "Plaintiff tendered in evidence the fi. fa. and levy thereon. The defendant objected to the same on the following grounds: 1st. The evidence of plaintiff showed that he was the deputy sheriff of Johnson county, and was not the deputy sheriff of the city court of Wrightsville; that said fi. fa. showed

on its face that that was issued from the city court of Wrightsville. That the evidence of plaintiff and entry of levy showed that said levy was made by the deputy sheriff of Johnson county, who had never been appointed and qualified as deputy sheriff of the city court of Wrightsville. That for these reasons the levy was illegal and void, same having been made by an officer who had no authority to do so. . . Plaintiff then offered in evidence the forthcoming bond sued on, to which defendant objected: 1st: Because bond showed on its face that same was taken by a deputy sheriff of Johnson county by virtue of a levy said deputy sheriff had made on a fi. fa. issued from the city court of Wrightsville. 2nd. Because the evidence showed that the deputy sheriff of Johnson county had no authority to levy said fi. fa., he having not been legally appointed and qualified as deputy sheriff of the city court of Wrightsville."

The special exceptions to the judgment are as follows: (a) Because the judgment is contrary to evidence and without evidence to support it. (b) Because the evidence showed that the deputy sheriff of Johnson county had no authority to levy a fi. fa. issued from the city court of Wrightsville, he not having been legally appointed and qualified as an officer authorized to levy or execute any process issued from the city court of Wrightsville; and that said levy and bond are illegal and void. (c) Because the evidence did not and does not show that said property so levied on had ever been advertised for sale. (d) Because the evidence did not show the value of the property at the time levied on, or why said bond was given. (e) Because said judgment is contrary to law, justice, and equity.

We find no error in any ruling of the trial judge or in his final judgment. Counsel for plaintiffs in error relies mainly upon the proposition that the judgment was error and that the evidence complained of was illegally admitted, because the deputy sheriff of Johnson county had no authority to levy a fi. fa. issued from the city court of Wrightsville, where such deputy had not been made also a deputy sheriff of said city court; and cites section 7 of the act creating the city court of Wrightsville (Acts of 1899, p. 431), and the ruling in the case of *McCalla* v. *Verdell*, 122 *Ga.* 801 (50 S. E. 943), in support of his position. There is no question that, as a matter of law, the position assumed by the counsel for plain-

tiffs in error would ordinarily be correct. The 7th section of the act creating the city court of Wrightsville is very similar to the 8th section of the act creating the city court of Elberton (though there are some points in which this case differs from the *McCalla* case, to which we will refer later) ; and as the testimony in this case shows that Davis, deputy sheriff of Johnson county, never complied with the requirement as to giving bond as deputy sheriff of the city court of Wrightsville, we will concede that he did not have authority to serve processes from that court. But Davis was deputy sheriff of Johnson county, and as such had levied upon the mule. The law provided a means by which his lack of authority could be shown, and the property be released. The defendants preferred to recognize as a levy an act which they contend was illegal, and thus secure possession of the property. They are estopped from thereafter denying that Davis's authority as deputy sheriff of Johnson county was not ample. They will not be heard to say that the levy made by him was illegal, after they have derived the same benefit from the release of the property under bond that they would have received had he been duly qualified as the deputy sheriff of the city court of Wrightsville. From *Roebuck* v. *Thornton,* 19 *Ga.* 149, to *Stroud* v. *Hancock,* 116 *Ga.* 336 (42 S. E. 496) the rule in Georgia has been uniform that neither maker nor surety on a forthcoming bond will be heard to attack the legality of the levy in any respect. In the *Roebuck* case, Judge Benning, delivering the opinion, says: "What, then, is the essence of a levy? It is the sheriff's getting power over the property—such power as will enable him to sell it at the proper time and place. Under this statute, therefore, the sheriff may seize property one instant and the very next deliver it back in exchange for a bond. What need is there for this form of seizure, if the defendant will give the bond without it? But indeed, when the defendant gives bond under this statute, he acknowledges that he, from henceforth, holds the property, not for himself, but for the sheriff—he acknowledges that his possession is the sheriff's possession—he becomes the sheriff's agent. But be the true idea of what constitutes a levy what it may, the levy in this case must, we think, be held to have been good. The defendant gave a forthcoming bond. That bond, by its terms, estopped *him* from saying there had been no sufficient levy."

In the *Stroud* case it was held that after judgment against the defendant (and judgment had been rendered in the present case before the levy) the surety on the forthcoming bond will not be heard to set up, in defense to an action by the officer on the bond, that no demand or notice to produce the property had been given or that no levy had in fact been made, or that there was really no property in existence belonging to the defendant in execution as that described in the levy or in the bond; and this decision was based squarely on the doctrine of estoppel. Judge Fish, delivering the opinion, after stating that one of the questions involved is the right to deny a levy, says: "Estoppels are not favored, and to support one of this character it must appear that some benefit has been received by the party estopped, or some injury done to the party in whose favor the estoppel is invoked, which would render it unconscionable for the party estopped to deny the act or circumstance sought to be overcome. By means of it, whether there was ever a levy upon the property or not, the progress of the execution was stayed, and the defendant therein was enabled to interpose a defense to the foreclosure of the mortgage. As, by reason of the acceptance of this bond by the sheriff, the defendant in fi. fa. acquired a definite and substantial benefit, he would be estopped to deny the recitals therein in reference to the levy and the existence of the property. *Cohen* v. *Broughton,* 54 *Ga.* 296; *Scolly* v. *Butler,* 59 *Ga.* 849; *Smith* v. *Camp,* 84 *Ga.* 117 (10 S. E. 539) (7). As Simmons, *the principal in the bond,* would be estopped, there can be no doubt that Stroud, his surety and privy in contract, would be likewise estopped." To the same effect is the decision in *Garner* v. *Clark,* 115 *Ga.* 666 (42 S. E. 56), and *Oliver* v. *Warren,* 124 *Ga.* 549 (53 S. E. 100, 4 L. R. A. (N. S.) 1020, 110 Am. St. R. 188).

In the third special exception it is averred that the evidence did not show the property levied had ever been advertised. The averment of the petition that it *was* advertised was not denied, and this dispensed with proof; but the plaintiff testified that it had been advertised. This was not the best evidence of the fact of advertisement, because the paper containing the advertisement was superior proof; but no objection was made at the time to the evidence of the sheriff upon that point, and it thereby became sufficient for the purpose. It could also have been objected to on the ground

that this statement of the sheriff that the property was advertised was a mere conclusion of the witness; but the defendants by silence admitted the fact. It is also excepted that the evidence did not show the value of the property at the time of the levy. This fact was plainly established. The law requires the sheriff to take a bond in an amount double the value of the property. This the sheriff did. By signing the bond principal and surety admitted prima facie that that was correct valuation. The judgment rendered is just for one half the amount of the bond, and therefore represents exactly what the defendants admitted was the true value of the property levied upon. And it further appears from the record that the bond was not taken for an amount exceeding the original fi. fa. which was levied. So that there is no point in that exception.

It is evident from a careful examination of the record—from the fact that the defendants in the court below filed no plea and offered no evidence, that they had no good reason for not having produced the property on the day of the sale. They preferred to defeat recovery by preventing the plaintiff, if possible, from making out a case which would entitle him to recover. They evidently overlooked two important facts: the doctrine of estoppel and the sweeping character of the code provision with reference to forthcoming bonds. "All bonds taken by the sheriffs or other executing officers, from the defendant in execution, for the delivery of property (on the day of sale or any other time) which they may have levied on by virtue of any fi. fa. or other legal process from any court, shall be good and valid in law, and recoverable in any court in this State, having jurisdiction thereof." Civil Code, §5436. We think that by the terms of this section the deputy sheriff of Johnson county, who for the time being was the same as the sheriff, had the right to make the levy and take the bond in this case. We have based our decision on the principle that the doctrine of estoppel would control even if the principle in the *Verdell* case be conceded to be applicable, as insisted by counsel for plaintiff in error. But, as we remarked in an earlier portion of this opinion, there is a slight difference between the sections relating to the sheriff's office in the act creating the city court of Elberton and the act creating the city court of Wrightsville, which is now under consideration. And it will be observed from the read--

ing of the opinion in the *Verdell* case that the decision was largely based upon the fact that the sheriff of Elbert county had not qualified himself as sheriff of the city court of Elberton by giving the bond required by the 8th section of the act creating that court, and that he did not become sheriff of that court until he had given bond. It was not held that if the sheriff had been duly qualified and bonded his regular deputy could not have acted in his place, even though he might not be a deputy provided to be appointed with the consent of the judge. In the 7th section of the act creating the city court of Wrightsville the sheriff of the county of Johnson is made ex-officio sheriff of that court, without any requirement whatever that he shall give bond; so that really the decision in the *Verdell* case is not in point. We think that the judgment of the trial judge is in accordance with "law, justice, and equity," and are therefore unable to sustain the last exception to the judgment.

*Judgment affirmed.*