## PEEPLES v. GARRISON & SON.

1. A fi. fa. issued upon the foreclosure of a chattel mortgage in the superior court and directed to "all and singular the sheriffs, or their lawful deputies, and coroners of this State," could not be levied except by one of the officers to whom it was directed. A levy by a constable of a justice's court was invalid, and such a levy should have been dismissed upon a motion made at the trial.

2. The fact that the defendant had made a counter-affidavit and given a forthcoming bond, in both of which was recited the fact of the levy, did not estop him, at the trial, from raising the issue as to the validity of the levy.

### FEBRUARY 24, 1914.

Illegality of execution. Before Judge Morris. Cobb superior court. November 29, 1912.

*Griffin & Johnson,* for plaintiff in error.

*Mozley & Moss,* contra.

BECK, J. Garrison & Son foreclosed a mortgage for $160 against Peeples, the plaintiff in error, by affidavit in Cobb superior court, on May 30, 1912; and on the same day the clerk issued a fi. fa. thereon, directed, as the law requires, "to all and singular the sheriffs, or their lawful deputies, and coroners of this State." On June 19, 1912, this fi. fa. was levied on a horse by W. A. Bishop, a constable of a justice's court, acting in this capacity and signing the levy as such constable. On the same day the defendant filed an affidavit of illegality, denying indebtedness on the mortgage; and gave bond for the forthcoming of the horse levied on. The horse was thereupon returned to him, and the constable returned the fi. fa., with the affidavit and bond, to the office of the clerk of the superior court. When the case came on to be tried in that court, the defendant moved the court to dismiss the levy, because the said constable had no authority or jurisdiction under the law to levy the execution, it being a superior-court execution directed to the sheriffs, their deputies, and coroners. This motion the court overruled, and Peeples excepted.

The court erred in refusing to dismiss the levy. "A levy by an officer without authority of law is no levy at all." *Oliver v. Warren,* 124 *Ga.* 549, 550 (53 S. E. 100, 4 L. R. A. (N. S.) 1020, 110 Am. St. R. 188). But it is insisted that the defendant is estopped from denying the legality of the levy, having made an affidavit of illegality and given a bond in which the factum of the levy is

recited. "But the estoppel does not extend to the validity of the process nor to the authority of the officer to make the levy." *Oliver v. Warren,* supra. And in the case of *Pearce* v. *Renfroe,* 68 *Ga.* 194, it is said: "'A levy by an officer who has no authority is the same as no levy. Under section 888 of the Code, the sheriff had no authority to levy a tax execution when the principal amount did not exceed fifty dollars.' 60 *Ga.* 466. It is, however, contended by counsel for plaintiff in error, that a claimant is estopped from denying the levy, because he must admit that there was one before he has any of the rights of a claimant. We think this correct, and means only that after he has sworn that the property seized, if personal, was his property, and the bonds given under the claim laws being an admission upon his part that the property claimed was so seized, that then it would be absurd to allow him to come into court and deny his oath and the obligation of his contracts. But the seizure, or levy, is one thing, and the mandate of the court by which the act is done is altogether another and quite a different thing. And so, also, is the authority by which the officer, as such, makes the seizure. But this view of the case was considered wholly immaterial by the very learned counsel who argued it, and it was most earnestly maintained that the claimant could not deny that the levy was a legal levy, although it might have been made by himself or any other wholly unauthorized person. We can not so hold. Nor do we think that this view is at all inconsistent with the cases in 54 *Ga.* 297, and 59 Ib. 849. The question in the first case was, whether the levy was complete, the possession being the point of the levy." It is true that these were claim cases in which the claimant was raising the question as to the validity of the levy. But we see no reason why the defendant in proceedings to foreclose a mortgage on personalty, relatively to the right to raise this question, does not stand in as good a position as a claimant. The ruling here made, while seemingly in conflict with that in the case of *Smith* v. *Camp,* 84 *Ga.* 117 (10 S. E. 539), is not actually so. This court did there rule that "A defendant in fi. fa. who has recited a levy, both in his affidavit of illegality and the bond given for the forthcoming of the property, will not be heard to controvert the fact of such levy at the trial of the affidavit of illegality." But this holding was made, not with reference to the validity of the process, or the authority of the officer to make the levy, or the right

of the defendant in fi. fa. to test these questions at the trial, but with reference to the contention of the defendant that he should. have been permitted to show on the trial that no levy or seizure of the property had been made by the levying officer; and as to this contention the court announced, that, having recited the levy, both in his affidavit of illegality and the bond given for the forthcoming of the property, the defendant would not be heard to controvert the fact of such levy. It is clear that the case last referred to is entirely different from the case in hand, and the latter falls within the ruling made in the first two cases referred to above.

Having held that the levy should have been dismissed, what took place on the trial subsequently to the motion to dismiss was entirely nugatory; and this court will not undertake to determine the questions raised during the trial after the overruling of the motion to dismiss, which should have been sustained and the case thereby disposed of. *Judgment reversed. All the Justices concur.*