## 5567.  HARTSHORN *v.* BANK OF GOUGH.

1. "A levy by an officer who has no authority is the same as no levy." *Morris* v. *Tinker*, 60 *Ga.* 466; *Collins* v. *Hudson*, 69 *Ga.* 686. The levy of a fi. fa., issued upon a judgment rendered by the city court of Waynesboro, was not a valid levy, where it did not appear that the officer making the levy was legally appointed a deputy sheriff of the city court, or that in making the levy he assumed to act as a deputy of the sheriff of that court, but, on the contrary, it appeared that he acted as a "special deputy sheriff of Burke county." Under the organic law of the city court of Waynesboro, the sheriff of Burke county and his deputies are, by virtue of their offices, sheriff and deputy sheriffs of the city court, but the sheriff of the county is required to give bond as sheriff of that court, and the law declares that all executions issuing from the city court shall be directed to the sheriff of the city court of Waynesboro and his deputies. Acts of 1903, p. 174, § 23.

2. Where a defendant has obtained possession of property by giving a forthcoming bond, which recites the factum of the levy, he is thereby estopped from denying the completeness and sufficiency of the seizure of the property, made by the levying officer, but may nevertheless test at the trial the validity of the process levied or the authority of the officer to make the levy. *Peeples* v. *Garrison*, 141 *Ga.* 411 (81 S. E. 116).

3. "Constables can not be sheriffs or sheriff's deputies." Civil Code, § 4688. Where the authority of one who signed a pretended levy on a fi. fa. as "special deputy sheriff" was questioned by affidavit of illegality, and the only evidence on the issue was testimony that he was constable for a certain militia district in the county, though not under bond, and

that two or three years before the date of the entry in question he was sworn in as a special deputy by the sheriff of the county, but gave no bond as such deputy, and only occasionally served processes and levied executions for the sheriff, and that the sheriff asked him to make this levy, it appeared that his act as such deputy was not valid and legal. As acting constable he would be a de facto officer prohibited by express statute from serving occasionally as a sheriff or deputy sheriff.

4. On the proof submitted, and without amendment to the entry of the levy establishing any connection between the pretended deputy and the city court of Waynesboro, the affidavit of illegality should not have been dismissed, and the court erred in overruling the motion for a new trial.

DECIDED SEPTEMBER 11, 1914.

Affidavit of illegality; from city court of Waynesboro—Judge Davis. February 4, 1914.

*H. J. Fullbright,* for plaintiff in error. *E. V. Heath,* contra.

WADE, J. A common-law execution from the city court of Waynesboro against Henry Hartshorn and in favor of the Bank of Gough, was levied on certain personal property of the defendant by one C. E. Penroe, who signed the entry of levy as "special deputy sheriff Burke county." The defendant filed a forthcoming bond, payable to the sheriff of Burke county, which recited the factum of the levy by the said sheriff "through his deputy," and described the property levied upon. Subsequently the defendant filed an affidavit of illegality, on several grounds, all of which, however, were abandoned on the trial, except the first ground, which was as follows: "That the levy in said case was not made by an officer authorized to levy an execution issued from the city court of Waynesboro, but was levied by C. E. Penroe, constable of the 72d dist., G. M., Burke county." On the issue thus raised the case proceeded to trial, and, in addition to the introduction of the fi. fa., with the entry of levy thereon, and the forthcoming bond aforesaid, the following testimony was adduced as to the authority of the levying officer: C. E. Penroe himself testified for the defendant as follows: "I am constable for the 72d district, G. M., Burke county, Georgia. I made the levy as deputy sheriff. Mr. Story, the sheriff, sent me the execution and directed me to levy it, and I did so. I was sworn in some two or three years ago as a special deputy, but never gave any bond as deputy sheriff, and was not specially sworn for the purpose of making the levy in said case. I was not under bond as constable, but was acting as constable. I did not give bond as constable or deputy sheriff. Whenever Mr. Story would send me a paper to serve, I would do so as deputy sheriff." The sheriff,

S. G. Story, testified for the defendant as follows: "I am sheriff of Burke county, Georgia. I did not make the levy in this case, but sent the fi. fa. to Mr. Penroe and asked him to make the levy for me. I had sworn him as a special deputy some time back. I never took any bond from him as deputy. I did not swear him especially for this case." The court thereupon, without the intervention of a jury, ordered and adjudged that the affidavit of illegality be not sustained, that the levy made be sustained, and the affidavit be dismissed. The defendant thereupon made a motion for a new trial, which was overruled, and he excepted.

The act establishing the city court of Waynesboro (Acts of 1903, p. 174), provides, in section 17, "that the sheriff of Burke county and his deputies shall be, by virtue of their offices, sheriff and deputy sheriffs of the city court of Waynesboro," and further provides that "before entering on the discharge of the duties of his office, said sheriff shall execute a bond, with good security, in the sum of one thousand dollars, for the faithful discharge of the duties of his office." Section 18 provides "that the duties and liabilities attached to the office of the clerk of the superior court and to the office of sheriff of Burke county shall be attached to the office of clerk of the city court of Waynesboro, and to the office of sheriff of the city court of Waynesboro, respectively." Section 20 provides "that the process to writs" shall be attested in the name of the judge of the city court, "and be directed to and served by the sheriff of the city court of Waynesboro or his deputy." Section 23 provides "that all executions issuing from said court shall be attested in the name of the judge and signed by the clerk or his deputy, and directed to the sheriff of the city court of Waynesboro and his deputies." Section 26 provides "that attachments in said court returnable to said city court shall be directed to the sheriff of the city court of Waynesboro or his deputies, and to all and singular the sheriffs and constables of this State." The act of 1903, supra, was amended in 1904 (Acts of 1904, p. 227-37), and in section 8 of the amendment the judge of the city court is empowered to appoint a special bailiff for the court whenever the business of the court may require it, who shall take an oath of office and give bond in the sum of $1,000 for the faithful discharge of his duties. Nothing is there said as to the appointment of a special deputy sheriff of the court.

From the sections cited above, it appears that, notwithstanding the provision in the organic law of the city court of Waynesboro to the effect that the sheriff of Burke county and his deputies shall be the sheriff and deputies of the sheriff of the city court of Waynesboro, a clear distinction and a difference exist between the sheriff of Burke county and the sheriff of the city court of Waynesboro, and between the deputies of the one and the deputies of the other, so far as relates to the service of process or the levy of executions issued from the city court of Waynesboro. It is true that notwithstanding the explicit provision in section 23, supra, that all executions issuing from that court *shall be* "directed to the sheriff of the city court of Waynesboro and his deputies," and notwithstanding the provisions of sections 18, 20, and 26, above recited, section 32 provides that all executions issuing from that court shall be "directed to all and singular the sheriffs of said State and their lawful deputies," and this provision is in apparent conflict with the several provisions of the act limiting the right to serve processes issuing from the city court of Waynesboro and to levy executions therefrom (see also section 38); but having in mind the rule that a reasonable construction must be given to any legislative enactment, and apparent conflicts be reconciled where possible without destroying the evident purpose and intention thereof, we hold that the purpose and effect of the provision in section 32 is to vest in the sheriffs of "said State [of Georgia], and their lawful deputies" the right to levy executions which issued from the city court of Waynesboro in counties *other* than Burke county, or anywhere in the State of Georgia outside of the limits of Burke county, and that within the confines of Burke county such executions, as well as all writs and processes from that court, must be levied or served by the sheriff of Burke county, duly qualified as provided by the act of 1903 as sheriff of the city court of Waynesboro, or his lawful deputy appointed or acting as deputy sheriff of the city court, or by a special bailiff as provided in section 8 of the amending act of 1904 (Acts 1904, pp. 227-37). Had the act clearly indicated that the intention of the legislature was to vest the sheriff of the city court of Waynesboro and the sheriff of Burke county, together with their deputies, with concurrent power to execute processes and levy executions from the city court of Waynesboro, the effect would have been different.

It was held in *McCalla* v. *Verdell,* 122 *Ga.* 801 (50 S. E. 943), that under the act establishing the city court of Elberton, which provided that the sheriff of Elbert county should be ex-officio sheriff of the city court of Elberton, and in his official connection with that court should be known as the sheriff of the city court of El-berton, and should execute a bond, with good security, before en-tering upon the discharge of his duties as sheriff of the city court, and that he should have power, with the consent of the judge of said court, to appoint a deputy, who should also give bond before entering upon the discharge of his duties, one who was merely a deputy sheriff of Elbert county, and who had not been appointed and had not qualified as deputy sheriff of the city court of Elberton, had no authority to serve process issued from that court. In *Smith* v. *Davis,* 3 *Ga. App.* 419, 421 (60 S. E. 199), where the evidence of the plaintiff and the entry of levy showed that the levy in that case was made by the deputy sheriff of Johnson county, who had never been appointed and qualified as deputy sheriff of the city court of Wrightsville, and hence had no authority to levy a fi. fa. from the city court of Wrightsville, the court said that there was no question that as a matter of law the above objection urged by the defendant in fi. fa. would "ordinarily be correct;" and the refusal to hold the levy in that case invalid was based on the doc-trine of estoppel.

It does not appear in the instant case that C. E. Penroe "special deputy sheriff, Burke county," was ever appointed and qualified as a deputy sheriff of the city court of Waynesboro, or as a special bailiff of that court, nor does it appear that he even attempted to sign the entry of levy as an officer of the city court of Waynesboro, but he signed it as a deputy of the sheriff of Burke county, acting as sheriff of Burke county, and not as sheriff of the city court of Waynesboro. It does not appear from the record in this case that the sheriff of Burke county had ever himself qualified as sheriff of the city court of Waynesboro by giving the bond required by the act creating that court, and, so far as the entry made by his pre-tended deputy discloses, and so far as is revealed by the oral evi-dence in the case, the sheriff of Burke county and his deputies as such sheriff did not assume to act as officers of the city court of Waynesboro. *Georgia, Florida & Alabama Ry. Co.* v. *Anderson,* 12 *Ga. App.* 117 (76 S. E. 1056). In *Smith* v. *Davis,* supra, it

was said: "It was not held [in *McCalla* v. *Verdell,* supra] that if the sheriff had been duly qualified and bonded, his regular deputy could not have acted in his place, even though he might not be a deputy provided to be appointed with·the consent of the judge." While this expression is mere obiter, it is quoted here as illustrating some differences between the case under consideration and the cases of *Smith* v. *Davis* and *McCalla* v. *Verdell,* supra. A presumption ordinarily exists in favor of the entry of an officer, and had the entry in question been signed by Penroe as deputy sheriff of the city court of Waynesboro, this would at least have imported validity, and would have carried with it the presumption that his principal, the sheriff of the city court of Waynesboro, for whom he assumed to act, had qualified as required by the act establishing the city court of Waynesboro, and, in the absence of proof to the contrary, the entry would have been legal and sufficient. *Rawlings* v. *Brown,* ante, 162 (82 S. E. 803). See, in this connection, *Cooper* v. *Ricketson,* 14 *Ga. App.* 63 (82 S. E. 226). But as the act of 1903, supra, requires that executions issuing from the city court of Waynesboro shall be "directed to the sheriff of the city court of Waynesboro and his deputies," and be also levied by one of these officers, and the entry of levy establishes no connection whatever between the city court and the officer attempting to enforce one of its processes, this presumption in behalf of the levying officer can not be said to exist.

It appears, from the only testimony adduced at the trial, that the officer who made the questioned levy was constable for the 72d district, G. M., of Burke county, though not under bond, and that, two or three years prior to the date of the entry of levy, he was sworn in as a special deputy of Burke county, Georgia (not as deputy sheriff of the city court of Waynesboro), but gave no bond as deputy, and occasionally served processes and levied executions for the sheriff of Burke county. If he was a regularly acting constable of the county, he would be a de facto constable, notwithstanding his failure to give bond, and as such constable he is prohibited by express statute (Civil Code, § 4688) from acting as a deputy sheriff. It is urged by counsel for defendant in error that this officer might be considered as a de facto deputy sheriff rather than as a constable, since he had not given bond in either capacity and had acted in each, and that the burden was on the defendant in fi.

fa. to show the disqualification of the officer. The evidence, however, of the officer himself establishes that he only executed occasional processes as deputy sheriff, while he was apparently regularly acting as constable of the 72d district, G. M., and we think the evidence established sufficiently that he was a constable (though only de facto), and hence not qualified to act as a deputy sheriff. As was held in *Oliver* v. *Warren*, 124 *Ga.* 549, 550 (53 S. E. 100, 4 L. R. A. (N. S.) 1020, 110 Am. St. R. 188), a bailiff of a county court is authorized to levy only the processes of that court, and has no authority to levy an execution issued from a justice's court. Hence a levy by a county-court bailiff of a justice-court execution is void, because a levy by an officer without authority of law is no levy at all. "It is not good as a levy by a de facto officer, because the county-court bailiff, in making the levy, does not *assume to act as constable or as sheriff or lawful deputy* [italics ours]. If he did, and his appointment or qualification were irregular, nevertheless his acts would be those of a de facto officer." As pointed out above, this deputy sheriff of Burke county did not assume to act under the authority of the sheriff of the city court of Waynesboro, and therefore his acts are not good as the acts of a de facto officer of that court.

It is contended that the defendant in fi. fa. can not question the authority of the officer who made the levy on his property, since the defendant executed a forthcoming bond for the property, in which he recited the fact of the levy. This view is insisted upon on the authority of *Smith* v. *Davis*, 3 *Ga. App.* 419 (60 S. E. 199), in which this court declared that where parties defendant gave a forthcoming bond and thereby secured possession of the property levied upon, they were estopped from thereafter denying the authority of the deputy sheriff who made the levy. See also *Kinney* v. *Avery*, 14 *Ga. App.* 180 (80 S. E. 663). As to this it suffices to say that this court is bound by the decisions of the Supreme Court as precedents, and that the recent ruling of the Supreme Court in *Peeples* v. *Garrison*, 141 *Ga.* 411 (81 S. E. 116), is controlling, and definitely determines that the estoppel arising from the giving of a forthcoming bond, when a levy is made upon personalty and an affidavit of illegality is interposed, "does not extend to the validity of the process nor to the authority of the officer to make the levy," and the defendant in fi. fa. can at the trial make either defense.

Where a defendant has obtained possession of property by giving a forthcoming bond which recites the factum of the levy, he is thereby estopped from denying the completeness and sufficiency of the seizure of the property made by the levying officer. *Cohen* v. *Broughton,* 54 *Ga.* 297; *Goodman* v. *State,* 122 *Ga.* 116 (49 S. E. 922). The estoppel, however, does not extend to the validity of the process (*Smith* v. *Lockett,* 73 *Ga.* 105; *Osborne* v. *Rice,* 107 *Ga.* 283, 33 S. E. 54), nor to the authority of the officer to make the levy. *Oliver* v. *Warren,* supra. "A defendant in fi. fa. who has recited a levy, both in his affidavit of illegality and the bond given for the forthcoming of the property, will not be heard to controvert the fact of such levy at the trial of the affidavit of illegality." *Smith* v. *Camp,* 84 *Ga.* 117 (10 S. E. 539). He may, nevertheless, test at the trial the validity of the process or the authority of the officer to make the levy. *Peeples* v. *Garrison,* supra.

*Judgment reversed. Roan, J., absent.*