## 11692.　EHRLICH *v.* JONES.

BROYLES, C. J.　1. The court did not err in admitting in evidence, over the objections of the claimant, the forthcoming bond given by the latter, or the entry of levy upon the distress warrant. This documentary evidence, while defective in some particulars, was sufficient to show the fact of levy, and was admissible for that purpose. Moreover, the claimant, having executed the forthcoming bond and thereby obtained possession of the property levied upon, was estopped from denying the fact of levy, or from asserting that for any reason the bond was invalid. *Smith* v. *Davis*, 3 *Ga. App.* 419 (60 S. E. 199); *Smith* v. *Camp*, 84 *Ga.* 117 (10 S. E. 539); *Garner* v. *Clark*, 115 *Ga.* 666 (42 S. E. 56); *Peeples* v. *Garrison*, 141 *Ga.* 411 (81 S. E. 116, 51 L. R. A. (N. S.) 635); *Hartshorn* v. *Bank of Gough*, 15 *Ga. App.* 167 (82 S. E. 805).

2. In this case a distress warrant was levied upon two bales of cotton in the possession of the claimant, which the landlord claimed was the property of his tenant, the defendant in fi. fa. Under the facts of the case, it is immaterial whether the landlord was seeking to enforce a special, or only a general, lien on the property, since in either case the burden was upon him to affirmatively make out his case by showing that the cotton levied upon was the identical cotton purchased by the claimant from the defendant in fi. fa. (*Saulsbury* v. *McKellar*, 55 *Ga.* 323); and he failed to carry this burden, as the evidence adduced, together with all legal deductions and inferences arising therefrom, failed to show this essential fact; and therefore the verdict finding the property subject was contrary to law and the evidence, and the court erred in overruling the motion for a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 17, 1920.

Levy and claim; from city court of Swainsboro — Judge Kirkland. June 28, 1920.

*T. N. Brown,* for plaintiff in error.

*Alfred Herrington Jr.,* contra.