No. 56.—GUNBY, DANIEL & Co. plaintiffs in error, vs. WEL-
CHER & CARTER, defendants in error.

[1.] Process directed to one who is Coroner *de facto*, and executed by him,
is good.

Complaint, in Marion Superior Court. Decided by Judge
WORRILL, March Term, 1856.

Gunby, Daniel & Co. sued Welcher & Carter on an ac-
count. At the August Term, 1854, of said Court, defen-
dants filed pleas of the general issue, payment and set-off.
At the March Term, 1856, the case having been called up for
trial on the appeal, John M. Welcher, one of the defendants,
was permitted to file a plea (under oath) alleging that the
declaration and process sued out in said case was served upon
him by one Isaac G. Livingston, who pretended, at the time,
to be the Coroner of said county, but who was, in fact, not
the Coroner of Marion County, nor was he holding any other
office which authorized him to serve and execute the process
of said Court.

The said Welcher then moved to continue said case, on the
following grounds:

1st. Because an exemplification from the records of the
Executive Department of Georgia, substantiating the allega-
tions of said last mentioned plea, had been lost or mislaid,
and could not be procured to be used in evidence in said case.

2d. Because said exemplification had been lost too recently
to allow said defendant time to procure another to be used at
the present term of the Court; that defendant expects to
procure another exemplification by the next term of said
Court, and does not move to continue the case merely for
delay, but for the purpose of obtaining said evidence.

Mr. BLANDFORD, one of said defendant's Counsel, having
been introduced in support of said showing for a continuance,
testified that he had in his possession an exemplification,

(which he had searched for and could not now find,) a copy of which he could not make out from memory, but which, to the best of his recollection, recited that Isaac G. Livingston had been elected Coroner of Marion County for the years 1852 and 1854; that the commission for Livingston and the *dedimus* to the Inferior Court, had been returned to the Executive unexecuted and not complied with; and further, that said exemplification, which bore date in the month of February, 1856, showed other things going to prove that said Livingston was not Coroner.

Upon this showing, the Court allowed said defendant to continue the case, and plaintiffs excepted and assign as error the allowance by the Court of the last mentioned plea filed by defendant, and the order granting a continuance of the case.

JOHNSON & PATTERSON, for plaintiffs in error.

BLANDFORD & CRAWFORD, for defendants.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Settle one point in this case and it is decided. Are the acts of a Coroner, *de facto*, one who has been elected and performed the duties of the office, but who has failed to qualify in terms of the law, valid? So far as the public are concerned, such have been the uniform adjudications of all Courts.

The showing made by the defendants for a continuance, discloses the fact that Isaac G. Livingston had been elected and qualified to serve as Coroner of Marion County for previous years; that he had been elected for the year when this writ was served, but had failed to qualify. The Clerk directed the process to him as Coroner; he executed the writ as such. If, then, he was Coroner *de facto*, the process was good and the service was good, whether he was Coroner *de*

*jure* or not. It may be, that under the law authorizing the old Coroner to act until his successor was qualified, he was Coroner *de jure*. But whether this be or not, the showing, was insufficient to continue the case.