No. 47—JOHN H. ALLEN, plaintiff in error, *vs.* THE STATE, defendant in error.

[1.] If primary evidence is unattainable, secondary is admissible.

[2.] "It is not in general necessary to prove the written appointments of public officers." Proof that a person acts as a public officer, is. *prima facie*, sufficient to show, that he is such officer.

Indictment in Early Superior Court. Tried before Judge KIDDOO, September Term, 1856.

The defendant, John H. Allen, was indicted in Early Superior Court for resisting the service of a bail process, in the hands of a constable, issued by a Justice of the Peace.

*Dennis McLendon*, the constable resisted, testified on the part of the State, to the fact of defendant's resisting the process; of his having a gun, threatening to shoot, and his failure to arrest him. And that a paper shown to him was a *copy* of the process which was placed in his hands to serve on defendant, and which service he had resisted. He also testified that he was an acting constable for the river district, in said county.

*Lewis McLendon*, the Justice of the Peace sworn, testified that the copy bail process submitted to his inspection, was substantially the same as the one which the constable had

attempted to serve on defendant, and which he had issued; to which being admitted in evidence, defendant's counsel objected; the presiding Judge overruled the objection, holding that the original being lost, its contents might be proven, and defendant excepted.

The State introduced both the former and present Solicitor Generals, who testified that they had made search for the original bail process in the office of the Clerk of the Superior Court and amongst the State papers, and could not find it.

The former Sol. Gen., *F. T. Cullens,* testified, that when he prepared the bill of indictment, that the original bail process was in his possession, and that he put it in the Clerk's office. The Clerk of the Superior Court, without being sworn, stated that he had searched for said bail process in his office, and that he could not find it; supposed it was lost or mislaid.

Here the State closed.

Defendant's counsel moved for a verdict of acquittal, on the ground that the State had failed to prove that Dennis McLendon was a legally appointed constable at the time he attempted to arrest defendant. That it had not been shown that he had filed his bond and received his certificate as required by statute. The Court refused to order or direct a verdict for defendant, and counsel excepted.

The defendant offered no testimony, but requested the Judge in writing to charge the jury, that it could not be proven by parol, or otherwise than by the certificate of the Clerk of the Inferior Court, that McLendon was a constable, and that he could not be a bailiff until he had complied with the terms of the statute of 1850, in reference thereto: he further requested the Judge to charge that a copy bail process could not be admitted as evidence in this case, but that the original process must be produced. All of which the Judge refused to charge, but charged the jury, that upon the loss of the bail process issued by the Justice, secondary

evidence might be admitted; that a certificate from the Clerk of the Inferior Court was not necessary to prove that Mr. McLendon was constable; but that the acts of a constable, notoriously acting as such, are *prima facie* legal, and that this fact might be proved by parol; that the only question for them to determine was, whether the defendant knowingly and wilfully resisted a legal process issued by legal authority in the hands of a legal officer for execution.

To which charges and refusal to charge, counsel for defendant excepted.

The jury found the defendant guilty. And his counsel tenders his bill of exceptions and assigns as error..

1st. That the Court erred in admitting in evidence parol testimony of the contents of the bail process; the original not being produced in consequence of its loss.

2d. That the Court erred in refusing to charge as requested.

Cook & Patten, for plaintiff in error.

Sol. Genl. Harrell, for defendant in error.

*By the Court.*—Benning, J. delivering the opinion.

[1.] If primary evidence is unattainable, secondary is admissible. This is the general rule. If this rule is to govern, in this case, the secondary evidence about the bail process, was admissible. And there is nothing to show that the rule ought not to govern in the case.

[2.] In *Greenleaf on evidence, Sec. 92., Vol. 1*, it is said, that "it is not in general necessary to prove the written *appointments of public officers.* All who are proved to have acted as such, are presumed to have been duly appointed to the office, until the contrary appears; and it is not material how the question arises, whether in a civil or a criminal case, nor whether the officer is or is not a party to the record." And there is ample authority cited to sustain the statement.

Therefore, the Court below was also right in not requiring the production of a certificate of the Clerk of the Inferior Court to the effect, that the person who acted as constable, had filed his bond as constable, in compliance with the Act of 1850; there having been proof that the person was an *acting* constable.

This being so, it follows that several of the exceptions were not sufficient; as, the exception to the admission of evidence; the exception to the refusal to order a verdict of acquittal; and the exception to the refusal to give the charges requested.   These exceptions all rest on the same foundation.

And the charge of the Court was manifestly right.   The question, whether a proper foundation had been laid for the introduction of secondary evidence, that is, whether it had been shown that the bail process was lost, was a question for the Court, not for the jury.   And the question submitted to the jury by the Court, included every question in the case; perhaps even this, not excepted.

We therefore think that the several judgments of the Court below ought to be affirmed.

Judgment affirmed.