## STEPHENS *v.* THE STATE.

1. By requirements of the code, the bonds of sheriffs have to be approved as well as filed and recorded; but the bonds of their deputies, though required to be taken and recorded, do not have to be approved. Hence, section 252 of the Political Code and section 272 of the Penal Code apply to sheriffs, but are not applicable to their deputies.
2. Though deputies as well as sheriffs are forbidden by section 241 of the Political Code to enter upon the duties of office without taking and filing the prescribed oaths, and though under section 270 of the Penal Code they commit a misdemeanor by so doing, yet, by section 242 of the Politi-

cal Code, "The official acts of an officer are not the less valid for his omission to take and file the oath, unless in cases where so specially declared." It follows that, as between the State and the defendant in a given lawful process or order, the execution of the same by a deputy-sheriff who has omitted to take and file the required oath of office is not illegal because of such omission, there being no statute specially declaring the act invalid ; and hence, knowingly and wilfully to obstruct, resist, or oppose such deputy-sheriff in serving or attempting to serve such process or order is a violation of section 306 of the Penal Code.

3. According to the ruling in the case of *Trowbridge* v. *State*, 74 *Ga.* 434, there was no error in excluding the testimony of the husband of one of the defendants in this case.

Submitted October 3, — Decided December 13, 1898.

Accusation of obstructing legal process. Before Judge Ross. City court of Macon. July 26, 1898.

*M. G. Bayne*, for plaintiff in error.
*Robert Hodges*, solicitor-general, and *Roland Ellis*, contra.

SIMMONS, C. J. Johnson was appointed by the sheriff of Bibb county as one of his deputies. He took the oath of office orally, instead of subscribing the oath and filing it as required by the code. He also gave a bond as required by law, but it was not filed and recorded as the code requires. An execution against John Stephens was placed in Johnson's hands. He went to the house of Stephens to make a levy, and was resisted by Emma and Katie Stephens, against whom he then preferred an accusation for obstructing or resisting legal process. On the trial they contended that he was not a deputy-sheriff, because he had not filed his oath of office in the office of the clerk of the superior court, and had not filed his bond and had the same approved and recorded. They claimed that, under sections 270 and 272 of the Penal Code, it was made a misdemeanor for him to perform any of the duties of his office without having taken and filed his official oath in the proper office or without having filed in the proper office his official bond. These sections read as follows: "§ 270. If any officer or deputy who is required by law to take and file an official oath shall enter upon the duties of his office without first taking and filing the same in the proper office, he is guilty of a misdemeanor. § 272. If any public officer, required by law to give bond, performs any official act before his

bond is approved and filed as required, he is guilty of a misdemeanor." It was claimed that under these sections Johnson was not a deputy either de jure or de facto, because these sections make it a criminal offense for him to perform any act of office until he has complied with the requirements of law as to filing his oath and bond.

1. Dealing first with section 272, we think that it does not apply to deputy-sheriffs. It will be observed that the section refers to those officers only whose bonds have to be *approved* and filed. While the law requires a deputy-sheriff to give bond to his principal, it does not require that such bond be approved. Civil Code, § 4378; Political Code, § 259. The law does require the bond of the sheriff to be approved (Political Code, § 257); and if he performs any official act before his bond is approved by the ordinary and filed, section 272 of the Penal Code applies to him. Since the law does not require the deputy-sheriff's bond to be approved, this penal section does not apply to him. So far, then, as this section is concerned, the defense set up was not sound, and the court properly refused to sustain the motion for new trial on that ground.

2. It was also contended that the deputy-sheriff, not having taken and filed the official oath as required by law, could not execute the process of the court, and that it was not an obstruction or resistance of legal process in the hands of a person duly authorized, to resist him. The reply to this contention is section 242 of the Political Code, which declares that "The official acts of an officer are not the less valid for his omission to take and file the oath, unless in cases where so specially declared." Under this section, as between the State and the defendant in a given lawful process or order, the execution of the same by a deputy-sheriff who has omitted to take and file the required oath of office is not illegal because of such omission, there being no statute specially declaring the act invalid. *Gunn* v. *Tackett*, 67 *Ga.* 725. As ex-Chief Justice Bleckley said when this question was presented to him: "It would be absurd for the law to bind defendants by official acts and at the same time justify them in forcibly resisting those very acts. Public policy is involved no less in keeping the peace than in upholding the serv-

ice of process." We think, therefore, that knowingly and wilfully to obstruct, resist, or oppose such deputy in serving or attempting to serve a lawful process or order, is a violation of section 306 of the Penal Code.

3. The accusation was against Emma and Katie Stephens, and they were tried together. It is assigned as error that the court refused to allow John Stephens, the husband of Emma Stephens, to testify, as a witness for Katie Stephens, that the property on which Johnson attempted to levy was the property of Emma Stephens. According to the ruling of this court in the case of *Trowbridge* v. *State*, 74 *Ga*. 434, there was no error in excluding this testimony. In that case it was held that "There was no error in refusing to allow the wife of one of the defendants to testify in favor of the other defendant then on trial, they having elected to be tried jointly and made no reservation of the right to testify for each other, as though they had severed and were tried separately."

<em>Judgment affirmed. All the Justices concurring.</em>