McCALLA, executor, *et al. v.* VERDELL *et al.*

Service of process issued from the city court of Elberton is not legal service when made by a deputy sheriff of Elbert county who has not been appointed deputy sheriff of that court, as required by the act establishing the court.

Argued April 13, — Decided May 11, 1905.

Equitable petition. Before Judge Holden. Elbert superior court. September 12, 1904.

*J. N. Worley,* for plaintiffs in error. *I. C. VanDuzer,* contra.

FISH, P. J.    The controlling question presented by the record in this case is, whether service of process issued from the city court of Elberton, made by one who is the " deputy sheriff of Elbert county, Ga.," and nothing more, is legal service. Section 8 of the act establishing that court (Acts 1896, p. 289) declares that the sheriff of Elbert county shall be ex-officio sheriff of the city court of Elberton, and in his official connection with such court shall be known as the sheriff of the city court of Elberton, but before entering upon the discharge of his duties as sheriff of such court he shall execute a bond with good security, in the sum of five thousand dollars, for the faithful discharge of the duties of his office.    The act further provides that he shall have power, with the consent of the judge of said court, to appoint a deputy, who shall, before entering upon the discharge of the duties of his office, give bond in the sum of two thousand dollars, conditioned as the bonds of other deputy sheriffs.    It is, therefore, clear that before the sheriff of Elbert county is qualified to discharge the duties of sheriff of the city court of Elberton, he must give the bond required by the statute; after he has done this, he is empowered, provided the judge of such court consents thereto, to appoint a deputy sheriff for the court, but before such deputy can enter upon the discharge of his duties he must also give a bond.    It follows that one who is merely a deputy sheriff of Elbert county, and who has not been appointed and qualified as deputy sheriff of the city court of Elberton in accordance with the requirements of the statute as above set forth, has no authority to serve process issued from that court.    The trial judge so held, and his judgment is

*Affirmed.    All the Justices concur, except Candler, J., absent.*