## EARL *v.* THE STATE.

1. Under the act of December 8, 1899 (Van Epps' Code Supp. §§ 6097-6103), an inspector of roads and bridges who has been sworn in as a deputy sheriff may arrest for the violation of the criminal laws of this State, as other deputy sheriffs. His appointment and qualification as a deputy sheriff may be shown by proof that he acts as such, without production of the written appointment.

2. The jury were authorized to infer from the evidence that the accused shot, with intent to kill, an officer engaged in making an arrest for a crime committed in his view; and the verdict of guilty of assault with intent to murder will not be disturbed.

Submitted October 16,—Decided November 8, 1905.

Indictment for assault with intent to murder. Before Judge Roan. Fulton superior court. July 1, 1905.

*S. C. Crane*, for plaintiff in error.

*C. D. Hill, solicitor-general*, contra.

EVANS, J. W. H. Cheshire was a deputy sheriff of Fulton county under and by virtue of the act of December 8, 1899 (Acts of 1899, p. 89). In company with other officers he entered a dwelling-house where the defendant and others were gambling with cards. The officers attempted to arrest the participants in the game, among whom was the defendant, George Earl, who shot Mr. Cheshire while the arrest of the others was being accomplished, and inflicted a very serious wound. The defendant was indicted and convicted of the offense of assault with intent to murder. In his motion for a new trial, in addition to the usual formal grounds, he complains that the court erred in allowing Cheshire to testify, "I am a member of the county police force, and was acting in that capacity," over objection that there was no such office or officer created by law, and in allowing J. W. Maddox to testify, "I am one of the county force, and was sworn in as a deputy sheriff," over the objection that no such office as a county police was created by law,

and there was a better way to prove the right to act as a deputy sheriff.

1. Under the act of December 8, 1899 (Acts of 1899, p. 89), the commissioners of roads and revenues of all counties in this State having a population of more than seventy-five thousand people, according to the census of the United States, have the power to employ one or more persons, to be known as inspectors of roads and bridges.    These officials may be sworn in as deputy sheriffs, and are given power to make arrests for the violation of the criminal laws of this State, as other deputy sheriffs.    The population of Fulton county, by the last United States census, exceeds seventy-five thousand people, and the act referred to is operative in that county. The appointment and qualification of such inspectors as deputy sheriffs may be shown by proof that they act as such.    "It is not in general necessary to prove the written appointments of public officers.    Proof that a person acts as a public officer is, prima facie, sufficient to show that he is such officer." *Allen* v. *State,* 21 *Ga.* 217.

2. The jury were authorized to believe, from the evidence, that the defendant and others were in a house engaged in gambling with cards when the prosecutor and the other officers attempted to encompass their arrest.    The officers observed through a window that the offense of gaming was being committed, and it was not only their right but their duty to enter the house and arrest the parties engaged in this violation of the penal laws.    An arrest may be made for a crime by an officer, either under or without a warrant, if committed in his presence.    Penal Code, §896.    The accused made no contention in his statement that he shot the officer to prevent an illegal arrest.    His statement was neither lucid nor exhaustive. Evidently, however, he intended the jury to draw the inference that some other person did the shooting.    While he admitted that he shot one time, he denied that he fired at the officer.    The evidence clearly demonstrated that the officers, while in pursuance of their rights and duties under the law, were attempting to arrest persons engaged in the commission of a criminal act, and that, pending their attempt to make the arrest, the accused fired upon the prosecutor with a deadly weapon.    The jury were authorized to infer that the accused shot with intent to kill the officer, and to find that the guilt of the accused was established beyond a reasonable doubt.

*Judgment affirmed.    All the Justices concur.*