## 3823.  COTTON v. CITY OF ATLANTA.

1. Though there are circumstances under which the same physical act may render the actor guilty of two offenses, one of which may be a municipal offense and the other a State offense, still the municipality can not punish for State offenses. Where a municipal penal ordinance and a public criminal statute operate upon the same set of physical acts, the municipal ordinance is invalid unless the offense created by it contains some characterizing ingredient not contained in the offense under the State law.
2. Section 1837 of the city code of Atlanta, in so far as it makes it punishable for any person to allow a house or a portion of a house to be occupied as a house of ill-fame, creates no different offense from that created by the Penal Code (1910), § 382, and is, therefore, invalid.
3. There is no difference in meaning between the two expressions "house of ill-fame" and "lewd house or place for the practice of fornication or adultery."

DECIDED JANUARY 15, 1912.

Certiorari; from Fulton superior court—Judge Bell. October 7, 1911.

*John A. Boykin,* for plaintiff in error.

*James L. Mayson, William D. Ellis Jr.,* contra.

POWELL, J.  Cotton was convicted in the police court of Atlanta of having violated section 1837 of the code of that city, which reads as follows: "Any person or persons who shall occupy, or allow to be occupied, any house, or portion of a house, to be used as a house of ill-fame in the city of Atlanta, shall, upon conviction thereof, pay a fine of not exceeding five hundred dollars, or be imprisoned not exceeding thirty days, or both, in the discretion of the recorder's court." The specific charge against him was that he, being the proprietor of a hotel, allowed a man and a woman to resort to a room in it for the purpose of fornication. He sought certiorari from the conviction; and to the overruling of the certiorari he excepts.

The point is that, so far as the ordinance in question applies to the case at bar, it is invalid, because it penalizes an act made criminal by a public statute of the State, namely § 382 of the Penal Code (1910), which provides, "If any person shall maintain and keep a lewd house, or place for the practice of fornication or adultery, either by himself or others, he shall be guilty of a misdemeanor." No two propositions are better settled in this State than these: (1) that a municipal corporation can not punish for

an offense against the criminal laws of the State; (2) that the same physical act, by reason of the circumstances surrounding its commission or by reason of the intent with which it is done, or by reason of something else specially characterizing it, may draw to the person committing it such twofold guilt as to make him responsible for two separate offenses, one of which may be a municipal offense, and the other a crime under the public laws of the State. See *Callaway* v. *Mims, 5 Ga. App.* 9 (62 S. E. 654), and *Athens* v. *Atlanta, 6 Ga. App.* 244 (64 S. E. 711), in which both questions are lengthily discussed, with an extensive citation of authorities.

These cases just cited will illustrate the two doctrines and show how they work together consistently. The physical act in each of these two cases was the keeping of intoxicating liquor by the accused at his place of business, for the purpose of unlawful sale. The State law made it penal for a person to keep liquors on hand at his place of business, irrespective of the intent or purpose with which they were kept; the municipal ordinance made it unlawful for a person to keep liquors on hand for the purpose of illegal sale, irrespective of the place of the keeping. The accused, who kept the liquors at his place of business and thereby violated the State law, also violated the municipal law, because of the intent and purpose which characterized his keeping. But narrow as the line of demarcation between single and twofold guilt may be, there is a line; and it must be observed. If the thing punished by the municipal ordinance and the thing punished by the State law are one and the same, whether viewed as a physical transaction or whether looked upon with an eye to the ascertainment of the respective legislative objects—if, when viewed in both aspects, nothing to differentiate the municipal violation from the State offense appears, the municipality must give way to the State, and the latter has the exclusive jurisdiction to punish.

For a person to allow any house or portion of a house over which he has control or possession to be used as a house of ill-fame is a violation of the Penal Code (1910), § 382. *Kinard* v. *State,* ante, 133 (72 S. E. 715). Specifically, it has been held in the recent case of *Fitzgerald* v. *State,* ante, 70 (72 S. E. 541), that for an innkeeper to rent a room in his hotel to be used for the practice of fornication is a violation of this law. So far as the ordinance in question makes it punishable for a person to allow a house or a portion of a

*Judgment affirmed.*

house to be occupied as a house of ill-fame, it ordains no more and no less, as to the particular offense, than the State law prescribes on the same subject.

It is true that the ordinance speaks of "a house of ill-fame," while the criminal code speaks of "a lewd house or place for the practice of fornication or adultery," but this is a distinction without a difference. "A house of ill-fame," as used in contexts such as the present, means a lewd house, a bawdry, a place maintained for the practice of fornication and adultery, or for "the convenience and shelter of persons desiring unlawful sexual intercourse." Posnett v. Marble, 62 Vt. 481 (20 Atl. 813, 11 L. R. A. 162, 22 Am. St. Rep. 126); State v. Nichols, 83 Ind. 228 (43 Am. Rep. 66); Henson v. State, 62 Md. 232 (50 Am. Rep. 204). "Both at common law and in common parlance the words 'house of ill-fame' mean a house resorted to for the purposes of prostitution." State v. Plant, 67 Vt. 454 (48 Am. St. Rep. 821).

It is unnecessary for us to say whether the rest of the ordinance —that part of it which makes it an offense for a person to occupy a house of ill-fame or a portion of such a house, is valid or not. It is sufficient to the decision of the present case for us to say that so far as the ordinance relates to the present transaction, it is invalid; and that the only jurisdiction of the recorder's court in the matter was to bind the alleged offender over to the State court for trial.

We recognize that expediency might be subserved by allowing police courts to deal summarily with matters of this nature, but the law is otherwise; and law must be the law even among its friends.

*Judgment reversed.*