4194. GEORGIA, FLORIDA & ALABAMA RAILWAY CO. *v.* ANDERSON.

1. Service of process from the city court of Bainbridge is not legal service when made by a deputy sheriff who has not been legally appointed deputy sheriff of that court as required by the act establishing the court.
2. Although recovery of the penalty provided by law for failure of a carrier to adjust and pay a claim within the time limit is absolutely dependent upon the establishment of a right to recover the full amount of the claim itself, both the damages and the penalty are recoverable in the same action.

DECIDED JANUARY 22, 1913.

Action for damages and penalty; from city court of Bainbridge— Judge Harrell. April 18, 1912.

Judge Pottle being disqualified, Judge Bell, of the Atlanta circuit, was designated to preside.

*T. S. Hawes,* for plaintiff in error. *Russell & Custer,* contra.

BELL, J. 1. The first headnote sufficiently presents our ruling upon the subject of service. The decision in this case is absolutely controlled by the ruling of the Supreme Court in the case of *McCalla* v. *Verdell,* 122 *Ga.* 801 (50 S. E. 943).

2. The next question presented is: Did the city court of Bainbridge have jurisdiction to try the case? This question is raised in two ways by the pleadings: first by the demurrer, and secondly by the plea to the jurisdiction. In each of these the plaintiff in error contends that the real amount involved was only $30, and that the plaintiff had no right to join his actions. Acts 1906, p. 102; Civil Code (1910), § 2778. Of course, if this case was properly brought and the plaintiff had a right to join his claim for damages with a claim for the penalty provided by the statute, in the same suit, the contention of the plaintiff in error is not well taken; and that brings us to the consideration of the question as to whether or not a suit can be maintained to recover damages together with the statutory penalty in the same count of the same action. In our opinion the law permits such joint action for the

penalty and for the damages which have accrued to the claimant, with the liability imposed upon the claimant of failing altogether to recover the penalty unless he shall recover the full amount claimed as damages. After providing for the verification of claims, section 2778 provides: "In the event such claim is not adjusted and paid within the time limited, the carrier shall be liable for interest thereon at the legal rate from the date of the filing of the claim until the payment thereof, and shall also be liable for a penalty of fifty dollars for every such failure to adjust and pay said claim, to be recovered by the party damaged in any court of competent jurisdiction: provided, that unless such claimant shall in such action recover the full amount claimed, no penalty shall be recovered, but the recovery shall be limited to the actual loss or damage or overcharge, with interest thereon from the date of filing said claim." From the wording of this section, as well as from the fact that it will be noted that, in the creation of the right of action, but one continuous sentence is employed to fix both rights of the claimant, it is manifest to us that it was not the intention of the General Assembly to fasten upon a claimant the hardship of taking two bites at the cherry,—to sue first for the recovery of the damages claimed, which had not been adjusted, and thereafter by a separate suit, perhaps in a different court, proceed to make out the claim for the penalty, when the statute itself provides that if in suing for damages the claimant does not recover the full amount, he can not recover the penalty. E converso, if he does recover the full amount of his claim, he is entitled to recover the penalty. It was, we think, the intention of the legislature not to require the claimant to do more, in order to affix the penalty, than to prove the full amount of his claim, with interest. When that is done, liability for the penalty follows as a matter of law.

Taking this view of the matter, we, of course, hold that the city court of Bainbridge had jurisdiction of this cause of action, for the reason that the claim is over $50, and nothing is better settled than that where the jurisdiction of a court is governed by the amount sued for, the amount claimed is the amount that controls. From what we have said, it follows that the judge properly struck the plea; but, inasmuch as the ruling upon the point of service was erroneous, the motion to dismiss upon that ground should have been sustained. The judgment as a whole must be reversed.     *Judgment reversed.*