## 5928. UNITED STATES MOTOR COMPANY v. BAUGHMAN AUTOMOBILE COMPANY.

1. In the absence of a legal return of service, a court is without jurisdiction to render a judgment by default, and such a judgment may be attacked by affidavit of illegality. If, however, the fact of service appears and the return of the proper officer is merely irregular or incomplete, the return of service should not be treated as no evidence, but should be treated rather as defective proof of the fact of service; and generally the entry of the officer in such case is amendable.
2. Service of process from the city court of Bainbridge is not legal service when made by a deputy sheriff who has not been legally appointed deputy sheriff of that court as required by the act establishing the court.

DECIDED JULY 30, 1915. REHEARING DENIED OCTOBER 2, 1915.

Affidavit of illegality; from city court of Bainbridge—Judge Spooner. June 26, 1914.

*J. C. Hale,* for plaintiff. *Erle M. Donalson,* for defendant.

RUSSELL, C. J. The United States Motor Company obtained a judgment by default against Baughman Automobile Company, it being recited in the judgment that the defendant had been served as the law directed. On March 5, 1914, an execution which was issued upon this judgment was levied upon an automobile as the property of the defendant. Thereupon the defendant filed an affidavit of illegality, alleging that it had never been served with any process or other notice of the pendency of the suit; and at the time of the alleged service B. F. Lewis, deputy sheriff, had not qualified as deputy sheriff of the city court of Bainbridge by giving the bond required by the act establishing the court. Upon the trial, the court overruled a motion to dismiss the affidavit of illegality, and thereupon the plaintiff moved the court to allow B. F. Lewis, deputy sheriff, to amend his entry of service upon the original complaint and process, and in support of this motion offered evidence that the officer intended to serve the corporation, Baughman Automobile Company, and not C. H. Baughman as an individual. The court refused to hear the evidence or to permit the suggested amendment. Upon proof that the person who purported to have served the process and to have made the entry thereof had not given any bond, the court directed a verdict in favor of the defendant and sustained the illegality. Two questions are raised by the record and the argument: (1) whether such recitals as those contained in the entry of service are amendable; and (2) whether the person purporting to have served the original petition and process

was qualified to serve the defendant. Whether it is indispensably essential that the return be traversed, as a condition precedent to an allegation that the person who purported to have made the service and the return thereof was not in fact an officer qualified to serve the process, is a question suggested in the argument but not raised in the record.

1. The entry of service in the present case is as follows: "Georgia, Decatur county. I have this day served C. H. Baughman, manager of Baughman Automobile Company, personally, with a copy of the within original. This May 25, 1912. B. F. Lewis, deputy sheriff." One of the grounds of the affidavit of illegality was that the service of process was upon C. H. Baughman in his individual capacity only, and therefore that the corporation, Baughman Automobile Company, had never been served or had its day in court. The plaintiff asked that the officer be allowed to amend the entry of service so that it would read: "I have this day served the defendant Baughman Automobile Company, a corporation, by personally serving C. H. Baughman, manager of Baughman Automobile Company, with a copy of the within writ and process by leaving the same with the said C. H. Baughman at the office and place of doing business of said corporation in said county. This May 25, 1912. B. F. Lewis, deputy sheriff." The court, after hearing testimony which supported the statements of the proposed amendment, declined to allow the entry of service to be amended. The point is controlled by the rulings of the Supreme Court in *Phillips* v. *Bond,* 132 *Ga.* 413 (64 S. E. 456); *Pennsylvania Casualty Co.* v. *Thompson,* 123 *Ga.* 240 (51 S. E. 314); *National Bank of Augusta* v. *Southern Porcelain Mfg. Co.,* 55 *Ga.* 36; *Central Railroad* v. *Smith,* 69 *Ga.* 268; *Mitchell* v. *Southwestern Railroad,* 75 *Ga.* 398. Despite the fact that reference to an individual as being manager of a corporation has frequently been held to be mere descriptio personæ, and therefore that such designation does no more than refer to him individually, it is well settled, as to an entry of service, that, "If the fact of service appears, but the return is irregular, it may be amended;" and there was proof in the present case that Baughman was not only the manager of the corporation, but its sole stockholder. In *National Bank of Augusta* v. *Southern Porcelain Mfg. Co.,* supra, it was held that "Service upon the president of the company in the county where he resided and where the books of

the company were and where the stockholders were under notice to meet is sufficient service upon the company." The entry of service in that case was as follows: "I have this day served the defendant Jos. S. Hope, president, personally with a copy of the within petition and process." In *Central Railroad* v. *Smith* the entry was, "I have this day executed the within writ by serving a copy thereof on R. T. Gilbert, agent Central Railroad and Banking Company at Georgetown." In *Mitchell* v. *Southwestern Railroad* the return was, "I have this day served Lott Warren, agent, at the depot, at Americus, Sumter county, Georgia, personally with a copy of the within." In *Pennsylvania Casualty Co.* v. *Thompson,* the Supreme Court approved the allowance of an amendment of a return of service as follows: ."I have this day served E. T. Moore, agent, personally with a copy of the within bill and process," so that, as amended, the entry of service stated that "the defendant company, Pennsylvania Casualty Company, of Scranton, Pa.," was served "by personally serving E. T. Moore, their agent, with a copy of the within writ and process." As stated by Justice Lamar in *Jones* v. *Bibb Brick Co.,* 120 *Ga.* 326 (48 S. E. 25), the decisions construing § 1901 and § 4710 of the Civil Code (1895) may be reconciled by noting whether in the particular case the process was valid or void, whether the return was void or only defective, whether the issue was raised before or after judgment, and whether, on the hearing, the evidence or pleadings showed that the service was good or bad. So in the present case we would hold that the judge would have erred in refusing the amendment had the return been merely defective by reason of the fact that the description of the person was improperly given, but, in view of what will be hereinafter said, it can not be held that the judge erred in refusing the amendment, because the return of service, as well as the alleged service of process itself, was void.

2. As already stated, an entry of service by an officer qualified to serve process is generally amendable. The only variation in the rule, as pointed out by Justice Lumpkin in *Phillips* v. *Bond,* supra, is in the amendment of a return of service of summons of garnishment, where necessarily a different rule applies, since the original summons of garnishment is served upon the garnishee, and the only record evidence showing to whom the summons is directed is the entry of the officer. Necessarily, therefore, as to an entry of service

50

of summons of garnishment the same liberality as to amendment is not permissible as where the return of service is upon the petition and process, which itself specifically directs who shall be served. However, in all cases where an entry of service is amendable, the permission to amend rests primarily upon the conceded fact that the service and the return thereof were made by one ·authorized to execute the process. If the return shows that the service was by one who was in fact not authorized to act, the original entry of service would be void, and therefore would not be susceptible of amendment. In *Georgia, Florida & Alabama Railway Co.* v. *Anderson,* 12 *Ga. App.* 117 (76 S. E. 1056), the court was considering the qualifications of a deputy sheriff of the same court whose judgment is now under review, and upon the precise point now before us we held that service of process in the city court of Bainbridge is not legal process when made by a deputy sheriff who has not been legally appointed deputy sheriff of that court as required by the act establishing the court. Therefore it is immaterial whether the court erred in refusing to allow the amendment. When it was proved, without contradiction, that Lewis, who signed the return of service as deputy sheriff, had never given the bond required by law, it was apparent that the purported service was void, and the entry of service likewise void and not subject to amendment. For this reason the action of the court in directing the verdict affords no ground for reversal.

*Judgment affirmed. Broyles, J., dissents.*

ON MOTION FOR REHEARING.

RUSSELL, C. J. It is insisted by counsel for plaintiff in error that the service and the entry of service by the deputy sheriff in this case should be held to be good because he could properly be considered a de facto officer. It appears, however, from the record, that the return of service does not purport to have been made by B. F. Lewis as deputy sheriff of the city court of Bainbridge. It is signed, "B. F. Lewis, deputy sheriff." The entry as made authorized the inference that he was acting as deputy sheriff of Decatur county. A levy is not good as a levy by a de facto officer when the person making the levy does not assume to act as, or in the place of, the particular officer authorized by law to perform the particular act. Where an officer "undertakes to extend the jurisdiction of his office to the execution of process which under the law

he has not the power to execute, quoad hoc he is a usurper of the functions of another officer, and is not a de facto officer." *Oliver v. Warren,* 124 *Ga.* 549-550-551 (53 S. E. 100, 4 L. R. A. (N. S.) 1020, 110 Am. St. R. 188). There was no offer to amend the entry of the return of service in this respect, the offer to amend being confined to a mere change in the statement of the person alleged to have been served with a copy of process. Under the language of section 4912 of the Civil Code, it may be doubted whether the sheriff of the city court of Bainbridge could legally appoint a deputy until the essential prerequisites of giving bond had been complied with on the part of the person appointed as such deputy; but, regardless of that, it is plain that in this case the purported deputy sheriff, for the reasons given above, can not be considered a de facto officer of the city court of Bainbridge, so that process issued from that court and served by him would be effective. On this point see *Hartshorn v. Bank of Gough,* 15 *Ga. App.* 167-173 (82 S. E. 805), and citations. The motion for rehearing is therefore denied.

BROYLES, J., dissenting. I think that the court should have allowed the officer to amend his entry of service so as to show that he had served Baughman, not in Baughman's individual capacity, but as manager of the Baughman Automobile Co. I can not concur in the ruling stated in the second headnote. The undisputed evidence being that B. F. Lewis, the officer who made the service, had, at the time of the service, been appointed deputy sheriff of the city court of Bainbridge (as well as deputy sheriff of the superior court of Decatur county), and that he had been serving as deputy sheriff under such appointment, and was so serving at the time of this service, in my opinion he was clearly a de facto deputy sheriff of the city court of Bainbridge (notwithstanding he had not given bond), and, accordingly, his service in this case was good. See *Crawford v. Howard,* 9 *Ga.* 314 (2); *Gunby v. Welcher,* 20 *Ga.* 336; *Hinton v. Lindsay,* 20 *Ga.* 746; *Gunn v. Tackett,* 67 *Ga.* 725, 727; *Smith v. Meador,* 74 *Ga.* 416 (58 Am. R. 438). This case is plainly distinguished from *McCalla v. Verdell,* 122 *Ga.* 801 (50 S. E. 943). In that case section 8 of the act establishing the city court of Elberton (Acts 1896, p. 289) provides that *both the sheriff and the deputy sheriff* of that court, *before entering upon the discharge of their duties,* shall give bond

(italics ours). The act creating the city court of Bainbridge (Acts 1900, p. 104) requires that the *sheriff* of that court shall give bond before entering upon the discharge of his duties, but has no such provision in regard to the *deputy sheriff* of that court, and merely requires (§ 10) that the deputy sheriff of that court "shall give such bonds as are required of other deputy sheriffs." The instant case is similarly distinguished from *Georgia, Florida & Alabama Railroad Co.* v. *Anderson*, 12 *Ga. App.* 117 (76 S. E. 1056), which involved a question of service of process from the city court of Bainbridge, made by an alleged deputy sheriff of that court. In that case the affidavit of illegality alleged that the *sheriff himself* had not given bond as required by the act establishing the court, and therefore that he had no legal right to appoint a deputy; and this court held that the case was absolutely controlled by the decision in the case of *McCalla* v. *Verdell,* supra. In the instant case there was no contention that the sheriff of the city court of Bainbridge had not given bond; the contention was that the deputy sheriff had failed to do so; and, as pointed out before, the act creating the city court of Bainbridge does not require a deputy sheriff of that court to give bond *before entering upon the discharge of his duties.*

The point that the deputy sheriff in this case signed his entry of service as "B. F. Lewis, deputy sheriff, of the city court of Bainbridge," was not made in the affidavit of illegality filed in this case; if it had been, the entry of service could easily have been amended.

In my opinion, the court erred in directing a verdict sustaining the affidavit of illegality, and the judgment should be reversed.