21674.  POWELL *et al.* v. FIDELITY AND DEPOSIT COMPANY
OF MARYLAND.

STEPHENS, J.  1. The act of an arresting officer, in holding in custody a person whom he has arrested for a violation of law, is an act done by virtue of his office. It is the duty of an arresting officer, who has a person under arrest for a violation of law, to refrain from unlawfully assaulting or killing the prisoner. Civil Code (1910), § 6365.

2. Where an arresting officer, who has a prisoner under arrest, kills him unlawfully and without provocation, he commits a breach of official duty, and there is a liability upon his official bond, to the statutory beneficiary of the dead man for damages for the homicide.

3. Where one acts as a deputy sheriff with the consent, approval, and acquiescence of the sheriff, who holds him out to the public as his deputy, his acts as such deputy, although he was not appointed in writing as required by law and did not take the oath of office required of a deputy sheriff and did not otherwise legally qualify as a deputy sheriff are acts of a deputy sheriff de facto; and possess the same legality as the acts of a legally appointed deputy sheriff who is an officer de jure. *Matthis* v. *Pollard*, 3 *Ga.* 1; Jewell *v.* Gilbert, 64 N. H. 13 (5 Atl. 80, 10 Am. St. R. 357); *Stephens* v. *State*, 106 *Ga.* 116 (32 S. E. 13); Mathis *v.* Carpenter, 95 Ala. 156 (10 So. 341, 36 Am. St. R. 187); Pickens *v.* McNutt, 12 Smedes & M. (Miss.) 651; Bosley *v.* Farquar, 2 Blackford (Ind.), 61; 24 R. C. L. 981, 982; Civil Code (1910), § 277. This is true notwithstanding the deputy, in acting without having been appointed in writing, violates a penal statute. Penal Code (1910), §§ 337, 338. In *McCalla* v. *Verdell*, 122 *Ga.* 801 (50 S. E. 943), *Georgia &c. R. Co.* v. *Anderson*, 12 *Ga. App.* 117 (76 S. E. 1056), *Hartshorn* v. *Bank of Gough*, 15 *Ga. App.* 167 (82 S. E. 805), and *U. S. Motor Co.* v. *Baughman Automobile Co.*, 16 *Ga. App.* 783 (86 S. E. 464), where it was held that an act performed by a sheriff or a deputy sheriff was void, it did not appear that the act was that of a de facto officer. See also *Cooper* v. *Ricketson*, 14 *Ga. App.* 63 (80 S. E. 217).

4. The official bond given by a sheriff, conditioned for the faithful performance of the duties of his office, obligates the surety thereon for any

breach of official duty by the sheriff's deputies. This includes deputies de facto. Civil Code (1910), § 291, par. 4; State *v.* Muir, 20 Mo. 303.

5. The petition set out a cause of action against the surety upon the official bond of the sheriff for the unlawful homicide of the plaintiff's husband by the sheriff's de facto deputy, while the plaintiff's husband was in the deputy's custody after having been arrested under a charge of a violation of law. The court erred in sustaining the demurrer to the petition.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 29, 1932.

*Porter & Mebane,* for plaintiff.
*Maddox, Matthews & Owens, Rosser & Shaw,* for defendant.