## 60702. LITTLE et al. v. THE STATE.

BIRDSONG, Judge.

These three appellants, Steven Ode Little, Ode Little and Mike Scott, were tried jointly and convicted in Count 1 with attempting and conspiring to sell five (5) pounds of methaqualone tablets to co-defendants Andrew Dexter Dillon and Steven Joe Osmer. Steven Ode Little was also charged and convicted of possession of amphetamines in Count 2. Count 3 was dismissed. All defendants were sentenced to varying terms of confinement. Co-defendants Osmer and Dillon, who were given probated sentences of five years on negotiated pleas of guilty, testified for the state. *Held:*

1. In their first enumeration, the appellants allege "refusal of the judge to honor a properly served subpoena as a material defense witness, for the motions concerning the constitutional and statutory validity of wiretaps issued by the witness, denied the defendants' constitutional and statutory confrontation rights, and was reversible error."

The trial judge, who had issued warrants for wiretaps in the case, was issued a witness subpoena by defendants Steven Ode Little and Ode Little. During the motion hearing, the appellants' counsel stated, "I anticipate, however, during the course of this motion hearing this morning to call your Honor as a witness on the stand," and "I would ask that you excuse yourself from the motion hearing because I contend and have made by proof and my showing that you would be a witness and a material witness in the preparation of the defense in this case and the hearing on motion to suppress." " . . . After the state has met its initial burden . . . I contend at that point in time I will call your honor."

The appellants did not call the trial judge and when the evidence was tendered this objection was not raised in the trial. Under such circumstances we have held the objection to be waived. *Novak v. State,* 130 Ga. App. 780, 781 (204 SE2d 491). The appellants made no showing of what they intended to prove and did not establish the judge's testimony was material or relevant. *Hall v. State,* 202 Ga. 619 (44 SE2d 234), affirming *Hall v. State,* 75 Ga. App. 101 (2) (42 SE2d 134). There are no grounds shown for recusal of the trial judge. *State v. Fleming,* 245 Ga. 700 (267 SE2d 207) and the appellants have not shown that they have been harmed by the loss of the trial judge's testimony. *Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741). Enumeration 1 is without merit.

2. In Enumeration 2, the appellants allege that "failure of the law enforcement officer, or district attorney, to be sworn in the wiretap affidavit and petition, as specifically provided by state and

federal statutes, was error, nullifying the validity of the wiretap orders issued."

Specifically, the appellants allege error because the district attorney failed to make his oath before a judge of competent jurisdiction and that the notaries public lacked authority because they had not taken the oath of office and were therefore invalidly appointed.

The Georgia statute (Code Ann. § 26-3004(c)) provides "upon written application, under oath, of the district attorney of the circuit wherein the device is to be physically placed, or the Attorney General." We can find no statute or case in this state that requires that the district attorney should personally appear before the issuing judge and the appellant has cited none. The appellant's position has been rejected in United States v. Manfredi, 488 F2d 588, 601 (2d Cir. 1973), cert. denied, 417 U. S. 936 (94 SC 2651, 41 LE2d 240); Alexander v. Harris, 595 F2d 87.

Appellants' contention that the notaries public lacked authority because they had not taken the oath of office and were therefore invalidly appointed is refuted by Code Ann. § 89-310 which provides "the official acts of an officer are none the less valid for his omission to take and file the oath, except in cases . . . so . . . declared." The case law in this state is in accord on a de facto officer theory that by proof of his acts the office is proven. *Earl v. State,* 124 Ga. 28 (52 SE 78); *Stephens v. State,* 106 Ga. 116 (2) (32 SE 13); *Allen v. State,* 21 Ga. 217 and as a de facto officer his acts cannot be collaterally attacked and set aside. *Hinton v. Lindsay,* 20 Ga. 746 (3). Enumeration 2 is without merit.

3. Appellants' third enumeration that the trial court erred in refusing, over objection, to allow defense counsel a final closing argument, as to each defendant, is also without merit. Counsel for the appellant Little and counsel for the appellant Scott were allowed to argue separately. Only in final argument was the defense limited to one argument.

Generally the order and extent of argument is entirely within the discretion of the trial court. Hale v. United States, 410 F2d 147 (cert. den. 396 U. S. 902 (90 SC 216, 24 LE2d 179)); *Bradham v. State,* 148 Ga. App. 89, 92 (250 SE2d 801), affirmed in part and reversed in part, *Bradham v. State,* 243 Ga. 638 (256 SE2d 331).

Code Ann. § 27-2202 provides that "not more than two counsel shall be permitted to argue any cause for each side, except by express leave of the court; and *in no case shall more than one counsel be heard in conclusion"* (emphasis supplied). The trial court correctly interpreted this statute.

4. In their fourth enumeration, the appellants allege the electronic surveillance investigations were overbroad in that the

order did not particularly describe the crime or crimes and in that the Georgia wiretap statute does not allow a wiretap order to issue for methaqualone or marijuana.

There are two wiretap orders and one extension involved in this case. The first is the so-called "Phillips" wiretap which the trial judge extended one time and the "Little" wiretap. The "Phillips" wiretap and the extension were based on an affidavit of a police officer that he expected an electronic surveillance would reveal evidence of methaqualone, quaaludes, ludes, 7's and 714's, methampheta-mine/crystal, speed, and meth, and marijuana, pot, smoke, grass and that the subjects are violating the Georgia Controlled Substances Act. The orders were further supported by the statement of the district attorney that "John Larry Phillips has committed and is committing crimes in violation of the Georgia Controlled Substances Act, Code § 79A-806 through 811, 812, 821 and 822." These sections specify the controlled substances, the prohibited acts, attempts and conspiracy, and the prohibited transactions often encountered in a drug operation. The trial court issued the "Phillips" wiretap order and extension on the basis of the affidavits, so as to identify persons overheard. The order was for the crime of violation of the Georgia Controlled Substances Act, Code Ann. §§ 79A-806 through 811, 812, 821 and 822. The "Little" wiretap was for the same offenses and violation of the drug law of the State of Georgia based on evidence obtained in the "Phillips" wiretap that indicated the "Little" telephone as the location of the source or supplier of controlled substances. The police officer's affidavit specifies methaqualone. A wiretap order no more specific was approved in United States v. Turner, 528 F2d 143 (6), cert. denied 96 SC 426. Methaqualone was established as a drug in accord with Code Ann. § 79A-702 and listed as a controlled substance in Code Ann. § 79A-807. Appellant's allegation that the Georgia wiretap statute does not allow a wiretap order to issue for methaqualone or marijuana is therefore sterilized by provisions of the federal and state statutes. 18 USCA 2517 (5) provides that once a wiretap investigation warrant is issued for any crime enumerated in the statute, the contents of wire or oral communications relating to offenses other than those specifically authorized and evidence derived therefrom may be introduced in evidence. The Georgia statute, Code Ann. § 26-3004 (g) permits use of such evidence but limits it to offenses for which an investigative warrant may issue other than those specified in the order of authorization. This extends to methaqualone.

Appellants' allegation that the warrants were overbroad is without merit.

5. Appellants next allege that "destruction of tapes by a law

enforcement officer, in disregard of federal and state law, was an unwarranted invasion of appellants' privacy," and that the decision of the trial court, impliedly upholding such action, was error. The appellants claim that cassette tapes were made and destroyed without judicial authorization and decoder tapes and composite tapes were kept by one of the police officers and not properly sealed. The cassettes in this case were made to facilitate transcription to a log and to enable the police to follow up on criminal offenses that might be revealed. They were not complete tapes but duplicated some of the material. Federal statute anticipates that such partial or duplicate tapes will be made and requires no prior judicial approval for duplication. 18 USC 2518 (8) (a) states in part: " . . . [d]uplicate recordings may be made for use or disclosure pursuant to the provisions of subsections (1) and (2) of Section 2517 of this chapter for investigations."

The reel-to-reel original tapes were kept and returned to court and there is no requirement that the duplicate recordings be sealed or kept nor is their destruction prohibited when they have served their purpose.

That part of the tapes characterized as decoder tapes are not aural acquisitions of the contents of any wire or oral communication by an electronic, mechanical or other device (United States v. Giordano, 416 U. S. 505, 553, 94 SC 1820, 40 LE2d 341) and are not within the coverage of the act.

Appellants have shown no taint or harm as a result of destruction of the cassette tapes. All agents involved in the monitoring testified in the motion to suppress hearing and the state made a satisfactory showing with respect to minimization and integrity of the master tapes. Enumeration 5 has no merit.

6. The appellants' final enumeration is that the "Phillips wiretap" was insufficient probable cause, and probable cause for the "Little wiretap" being based entirely upon "Phillips," and no other independent probable cause having been shown, issuance of these electronic surveillance investigative warrants, and sustaining of them over objection, was error.

Appellants' argument indicates that our only remaining task is to determine whether on the basis of the affidavits, the issuing magistrate could have determined "probable cause for belief that [appellants are] committing, [have] committed, or [are] about to commit a particular offense" 18 USC § 2518 (3) (a); Cox v. State, 152 Ga. App. 453 (263 SE2d 238).

We have reviewed the affidavits, supplemental affidavits, and petitions for each wiretap. We find that there was probable cause for belief that the subjects of each wiretap were committing the

particular offenses for which the orders were issued.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 14, 1981 —
REHEARING DENIED FEBRUARY 11, 1981 —

*Richard L. Moore,* for appellants.

*Thomas J. Charron, District Attorney, Joseph Chambers, Sr., J. Robert Sparks, Assistant District Attorney,* for appellee.